The People ex rel. Dixon *v.* Shaw et al.

THE PEOPLE, on the relation of George Dixon, Plaintiffs in Error, *v.* BELA SHAW et al., Defendants in Error.

### ERROR TO STEPHENSON.

A party cannot plead in contravention of the record in the same cause, and objection to such a plea may be taken by demurrer.

A change of venue upon a *quo warranto* will be allowed under the statute, when that

proceeding is resorted to, for the protection of the private and individual rights of the relator.

THIS was a proceeding by information, in the nature of a *quo warranto*, originally commenced in the Winnebago Circuit Court, and removed to the county of Stephenson, by change of venue.

Notice, in the name of the State's attorney for the eleventh judicial circuit, was served upon the defendants, Bela Shaw and others, of a motion to be made in the Winnebago Circuit Court, for a rule upon them to show cause why leave should not be given to the State's attorney, to exhibit in that court an information in the nature of a *quo warranto*, upon the relation of George Dixon against the defendants, for usurping, intruding into, and unlawfully holding and executing the office of bridge commissioners of the Rockford Bridge, and that an affidavit would be exhibited in support of the motion.

Application for the writ was made and resisted. At the March term, 1850, of the Winnebago Circuit Court, the relator filed his petition and affidavit for a change of venue, alleging that the judge of that court was prejudiced against the relator. After hearing argument, the judge of the Winnebago Circuit Court ordered the venue changed to Stephenson county. The transcript and papers, except the petition for the change of venue, were filed in the Stephenson Circuit Court, at March term, 1850. Application was then made to the Stephenson Circuit Court, for leave to file the information; the defendants resisted the application, but the court granted leave to file the information. The writ of subpœna was issued, and returned served. The information was filed at the same term.

At September term, 1851, the defendants entered their appearance, and filed a plea, that the Stephenson Circuit Court ought not to take cognizance of, or sustain the proceeding by *quo warranto*, because the cause of action accrued in the county of Winnebago, and within the jurisdiction of the Circuit Court of that county, and not within the jurisdiction of the Stephenson County Circuit Court.

To this plea the relator filed a general demurrer. After a hear-

ing upon the demurrer, it was overruled, and the court declined to proceed farther for want of jurisdiction. Judgment was given against the relator for costs.

The counsel for the relator then moved the court to remand the cause to Winnebago county, which motion was overruled. The counsel for the people excepted, and brought the case to this court, by writ of error, for review.

F. BURNAP, for the relator,

Cited Rev. Stat. p. 527; Clark *v.* Harkness, 1 Scam. 56; Rev. Stat. p. 429, § 1, 430, § 2 to 4; Cole on Informations, p. 89 to 91; Stat. of 9 Anne, § 20; Cole, 94 to 96; 31 Eng. Com. Law R. 204, 209, 236, 237; The King *v.* Francis, 2 T. R. 484; The King *v.* Pickerell, 4 T. R. 809; 4 Black. Com. 412; The King *v.* Bennet, 1 Strange, 101; Willes, 534; 3 Dallas's R. 490; 1 Serg. & Rawle, 385; The People *v.* Scates, 3 Scam. 354; 3 Archbold's Prac. 319; Sowerby *v.* Woodruff, 4 Eng. C. L. R. 269; 3 T. R. 328; 2 Strange, 704; 6 T. R. 642; 1 Chit. Pl. 444; Porter *v.* The State, 5 Mis. 538; Cole on Inf. 205; 11 Ill. R. 552; 9 Wend. 377; 13 Wend. 603; 2 Hawk. Pl. Cr. 357, § 4.

J. MARSH, for defendants in error.

CATON, J. The demurrer to the plea to the jurisdiction of the court only presented the question whether this is a case in which the relator could obtain a change of venue; for the record showed that the venue had been changed, and that estopped the party from denying that fact by a plea. It is not competent for the party to plead in contradiction to the record itself in the same cause. The court must take notice of the contents of the record of the case. Suppose the plea had averred distinctly that there had been no change of venue, or had denied the existence of some other order which the record showed had been made in the cause, it would be absurd to say that the plaintiff should take issue upon the plea and produce the record. To admit the party to deny the existence of any portion of the

record of the cause at bar would be something new in pleading. The record itself stands as a perpetual estoppel to such a plea, and the objection may be taken by demurrer to the plea, and perhaps it might be treated as a mere nullity. This plea, then, cannot be considered as denying that in fact an order had been made changing the venue in the cause; but we are willing to treat it as presenting the question, whether this order changing the venue was not a mere nullity, conferring no jurisdiction upon the Circuit Court of Stephenson county, for the reason that it is not a case in which the statute authorizes a change of venue, on the application of the plaintiff or relator. We do this the more readily because it was so treated at the bar by the counsel for both parties, who only argued the last question stated. The statute provides that either party in any civil cause shall be entitled to a change of venue upon showing to the court the existence of certain enumerated facts, and we have only to determine whether this case comes within that provision of the statute. In form this is a criminal proceeding, but it is only so in form. In substance it is for the protection of the private and individual rights of the relator, and others in the precinct similarly situated. Donnelly v. The People, 11 Ill. 552. It may be as essential to the protection of his rights that he should be allowed a change of venue, as if the proceeding were in his own name and not in the name of the people. He may be the subject of the same prejudices, and is liable to be as much injured thereby as if he were the nominal as well as the real party, and the policy and justice of the law secure to him the same rights to have his case tried uninfluenced by such prejudices. It is the nature of the rights to be asserted and maintained to which we should look, rather than the form in which the party may be obliged to proceed to assert those rights, in giving a just interpretation to the statute. This being in substance a civil suit, we are of opinion that the statute secured to the relator a right to a change of venue upon making out a proper case, and that the Circuit Court of Stephenson County should have proceeded with the cause, as if it had originated in that county. A different construction may be required when an information shall be filed, not for the assertion or protection of an individual right, but

purely to protect or promote the rights and interests of the people at large; but it will be in time to decide that case when it arises.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings.

*Judgment reversed.*