THE TRUSTEES OF SCHOOLS OF TOWNSHIP 9, etc.

*v.*

THE PEOPLE *ex rel.* Updike.

*Filed at Springfield March 30, 1896.*

· 1. SCHOOLS—*congressional townships are school townships.* The references to school townships in the School law of 1889 (Laws of 1889, p. 256,) mean the congressional townships, which are thereby declared to be established as townships for school purposes.

2. SAME—*townships for high school purposes—conflicting city charters.* The declaration by a city charter that the city shall constitute a school district does not take it out of the provision of the School law of 1889, that a city including territory which is a part of two townships, with the township in which the majority of its inhabitants reside, shall be a school township for high school purposes.

3. SAME—*with whom petition for township high school must be filed.* The petition required by the School law (Laws of 1889, p. 276, sec. 38; Hurd's Stat. 1889, p. 1222, par. 67;) to be filed with the township treasurer for the establishment of a high school, is properly filed with the treasurer of a township in which the majority of the inhabitants of a city lying in two townships reside.

4. SAME—*requisites of petition to establish a township high school.* The petition of not less than fifty voters required by the School law of 1889 to be filed with the township treasurer to procure the establishment of a high school is simply a request, and need not be in any particular form or addressed to any one, and is not insufficient when filed with the proper officer because addressed to him as treasurer of a township erroneously designated.

*Trustees of Schools* v. *People ex rel.* 61 Ill. App. 131, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

This was a petition filed in the circuit court of Montgomery county, praying for a writ of *mandamus* to compel the appellants, as the board of trustees of schools of township 9, range 5, in Montgomery county, to assemble, canvass and certify the votes cast at an election held on the 8th of April, 1893, on the question of establishing a

high school in the territory mentioned in the petition, that territory being alleged to be a school township for high school purposes, consisting of the city of Litchfield and so much of congressional township 9, range 5, as is outside of the limits of said city.

The facts in the case are, that fifty voters residing inside of said territory signed a paper called a petition, addressed to "J. T. Ogle, township treasurer of North Litchfield township," asking him to give notice of an election to be held on the question "for" or "against" a high school for said "school township for high school purposes," composed of the city of Litchfield and township 9, range 5, outside of said city. Ogle, within the time mentioned in the statute, gave what purported to be a notice of an election on said question, to be held in said territory on the 8th of April, 1893, and an election was attempted to be held under this notice, and it is claimed a majority of the voters voted for a high school. The voting places were three, two of which were in the city of Litchfield and one outside. At the polling place outside the city the majority was against the high school, and the returns are in proper form. In the other two polling places it is claimed there was a large majority for the high school, but it is alleged the returns are informal and defective. There were no trustees of schools voted for in the city; outside there were. Since 1859 that part of township 9, range 5, outside of the city elects the trustees of schools. In said city the people do not vote for trustees of schools of township 9, range 5, and have not since 1859, but the city council are, and since then have been, the only trustees elected or acting in or for the city of Litchfield. School township 9, range 5, was in 1859, by act of the General Assembly of Illinois approved February 16, 1859, divided territorially, and the trustees of schools of that township and township 8, range 5, were required thereby to, and they did, divide the school funds of those townships, and

transfer the proportion or share of the city of Litchfield
in such funds to the city of Litchfield.   (See acts herein-
after quoted.)

The trustees of schools of township 9, range 5, did not
canvass or certify the result of said vote to the county
superintendent of schools of Montgomery county, and
thereupon the relator, a resident and tax-payer of the
city of Litchfield and congressional township 9, north
of range 5, west, (which congressional township and the
town of North Litchfield, as to boundaries, are identical,)
filed this petition.

The relator founded his claims to have a writ of *man-
damus* issued in this case, upon the above facts, and by
virtue of paragraph 67 of chapter 122 of Hurd's Statutes
of 1889.   That section provides that when a petition,
signed by not less than fifty voters of any school town-
ship, is filed with the township treasurer, etc., it shall be
his duty to give notice of an election for or against a
high school.   In 1891 (Laws of 1891, p. 199,) a proviso was
added to that section, as follows:   "That when any city
in this State, having a population of not less than one
thousand and not over one hundred thousand inhabit-
ants, lies within two or more townships, then that town-
ship in which a majority of the inhabitants of said city
reside, shall, together with said city, constitute a school
township, under this act, for high school purposes."   By
paragraph 68 of the above chapter it is provided that
ballots for such election shall be received and canvassed
as in other elections.   Paragraph 69 provides, that if a
majority of the votes at such election shall be found to
be in favor of establishing a township high school, it
shall be the duty of the trustees to call an election for
the purpose of electing a township board of education,
etc., and by paragraph 70 such township shall be re-
garded as a school district, etc.

On hearing by the trial court the writ of *mandamus*
was awarded as prayed in the petition, and ordered to

issue. The appellants excepted to that decision, and took the case, by appeal, to the Appellate Court for the Third District, and a reversal of that judgment was asked upon these grounds: First, that said paragraph 67 of chapter 122 does not apply to the territory mentioned in the petition in this case, that territory consisting of two distinct, complete and independent school townships, the city of Litchfield being one, and so much of township 9, range 5, as is outside the city of Litchfield being the other; second, that there was no legal election held on the subject of the establishment of a high school in the territory mentioned in the petition, on the 8th of April, 1893, because (*a*) the person who called and gave notice of the election had no authority to call the election; (*b*) there is no officer designated by law to call and give notice of the supposed election mentioned in relator's petition; (*c*) the supposed election in that petition mentioned had no legal force and amounted to no more than a mass meeting, and no right was given and no duty was imposed thereby or in consequence thereof. The judgment of the Appellate Court affirmed the judgment of the trial court, and this appeal is prosecuted, and the errors here assigned on the record of the Appellate Court are in affirming the judgment of the circuit court.

RINAKER & RINAKER, for appellants:

The city of Litchfield is an independent school township, (as well as school district,) as is shown by the charter and amended charter thereof. City charter of Litchfield, art. 12; Sess. Laws of 1859, pp. 181-206.

The charter of the city of Litchfield was amended by the act of the General Assembly of February 27, 1869, so that the eighth clause of the fifth section of article 12 is in the following words: "The city council shall be *ex officio* trustees and directors of schools." 2 Sess. Laws of 1869, pp. 53, 79.

If the election was called by an officer, or a person assuming to be an officer, who was not designated and authorized by law to call the election, or when no particular officer was designated and empowered to call the election, then the election is void. *Schuyler County* v. *People ex rel.* 25 Ill. 181; *Clark* v. *Hancock County,* 27 id. 305; *Marshall County* v. *Cook,* 38 id. 44; *Force & Co.* v. *Batavia,* 61 id. 99; *Harding* v. *Railroad Co.* 65 id. 90; *Gaddis* v. *Richland County,* 92 id. 119; *Lippincott* v. *Pana,* id. 24.

The election, being without authority of law in this case, binds or estops no one, and is incapable of ratification. *Stephens* v. *People ex rel.* 89 Ill. 337, and cases cited.

The legislature having failed to confer the power on any certain officer or person, can the court assume to do so? Is not that power legislative, and not judicial? Potter's Dwarris, 146.

This proceeding is the initial step for putting into operation the machinery for depriving the citizens of their estates by taxation, and the statute under which this is sought to be done should be strictly construed. Potter's Dwarris, 146, rule 21.

JAMES M. TRUITT, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The first question material to consider on this record, in the construction of the above provisions of the School act and the effect of the act of incorporation of the city of Litchfield and its amendments, is, what is meant by the term "school township." Early in the legislation of this State congressional townships were designated school townships, and in the act entitled "An act to establish and maintain a system of free schools," approved February 15, 1855, it was declared by section 24 that each congressional township should be a township for school purposes. At the time of the incorporation of the

city of Litchfield such provision was in force, and has been continued by the various revisions and acts amendatory of the School act.   By the School law of 1889 it is declared that "each congressional township is hereby established a township for school purposes." (Hurd's Stat. chap. 122, par. 30.)   When a congressional township is thus declared a township for school purposes, the further references to school townships in subsequent paragraphs of the same law must have reference to what has previously been declared to be a school township.   The term must have been so used in amended section 38, and the proviso thereto, (Laws of 1891, p. 199,) and on every principle of construction the term "school township" must be held to have meant and to include a congressional township, unless by express language some other interpretation is declared.   By no principle of construction can a different meaning be held.

Whatever effect may be given to the fact that the city of Litchfield comprises territory in two or more townships and by its charter was organized into a separate school district, it still includes territory which comprises a part of some congressional township.   This results whether the territory within the city, by its act of incorporation, was declared a school district, township, or was given any other designation.   However designated, it was a part of some congressional township.   It appears that the city of Litchfield includes within its corporate limits territory which is a part of two townships, and it also appears a majority of the inhabitants within the city reside within the limits of the congressional township 9, north, range 5, west of the third principal meridian.   The proviso to section 38, *supra,* declares, where any city lies within two or more townships, then the township in which a majority of the inhabitants of said city reside shall, together with said city, constitute a school township for high school purposes.   The inhabitants within the corporate limits of a city which includes

territory from two or more townships, by the provisions of the act, annex for high school purposes all the outside territory of that township in which a majority of the inhabitants of said city reside.    This results from the language of the act.    Then if the majority of the inhabitants of the city of Litchfield reside within township 9, north, range 5, west of the third principal meridian, for high school purposes that township includes all the territory within that congressional township and also all the territory within the city of Litchfield outside of that township.    The territory within the city limits outside of the township, being incorporated into such township for high school purposes, is annexed by reason of the place of residence of a majority of inhabitants, and not by reason of the extent of territory.

By paragraph 67 of chapter 122, upon petition of not less than fifty voters of any school township,—*i. e.*, congressional township,—filed with the township treasurer, it shall be his duty to give notice that an election will be held for or against a township high school.    It is unnecessary to discuss the effect of the division of school funds between the township and city at and under its incorporation, for by the legislation of 1889 new conditions are imposed and a new taxing district is authorized to be organized whose origin springs from a petition of the requisite number of voters of the township filed with the township treasurer.    There was not and could not be among the officials of the city of Litchfield, an officer designated as the township treasurer who would be meant or included within the term "township treasurer," as used in paragraph 67.

The act in reference to schools, comprising many provisions, must constantly be construed with reference to the subject matter and the various sections.    The officer designated as township treasurer, within the meaning of paragraph 67 and other sections having reference to high schools, is the officer designated and provided for by

paragraph 51, who is to qualify as prescribed by paragraph 99.  Such officer, in his legal designation, is township treasurer of town ...., range No. ...., in ..........
In this case it was township treasurer of township 9, north, range 5, west of the third principal meridian. That officer is the one designated by paragraph 67 as the one who shall give notice for an election, on a petition being presented in conformity to that section.  It appears the incumbent of that office was Joseph T. Ogle, and the petition was presented to him.  It is shown that the township of North Litchfield, as designated under township organization, comprises congressional township 9, north, range 5, west of the third principal meridian. The treasurer of township 9, north, range 5, west of the third principal meridian, called the election in pursuance of paragraph 67 of the School act, on the petition addressed to him as "Joseph Ogle, treasurer of North Litchfield township."  The petition was in all other respects in form required by the statute.

The term "petition," used in paragraph 67, is there used as a term synonymous with "request."  It has the same meaning as if read: upon the request of fifty voters of any school township, filed with the township treasurer, it shall be his duty to notify, etc.  The petition or request thus provided for is not required to be in a particular form, nor is it required to be addressed to any one.  Rejecting the address in this case, the petition is: "We, the undersigned voters of school township for high school purposes, composed of the city of Litchfield and North Litchfield township, in the county of Montgomery and State of Illinois, as by the statute in such case made and provided, hereby petition you, as such treasurer, to call an election, to be held at the next regular election of school trustees, for the purpose of voting 'for' or 'against' the proposition to establish a township high school for the benefit of said high school township," and was signed by the requisite number of voters.  To make

the petition absolutely unobjectionable, it would only have been necessary to insert in lieu of the words "North Litchfield township," the words "township 9, north of range 5, west of the third principal meridian." The purpose of the petition was to have an election called to vote for or against establishing a township high school. It was a request or petition filed with the township treasurer—treasurer of township 9, north, range 5, west of the third principal meridian—and by reason thereof he called an election in pursuance of law.

We hold the petition was sufficient to authorize the calling of an election. It was filed with the proper officer, who called the election in due form and with proper notice, and it appears the election was held in accordance with law, and was therefore a legal election. The votes cast at the three polling places within the township should have been canvassed.

It is argued the organization of a new taxing district, which may be controlled by a city, is unjust towards residents of the township outside the city. The subject matter of this legislation was within the province of the legislature, and with the wisdom or necessity of that legislation courts have nothing to do. It is not for courts to give relief from hardship resulting from an act, if such there be, where the legislature has acted within its constitutional powers. The legislature having done so here, we are not authorized to interfere further than to construe the act.

This discussion disposes of all the questions raised by propositions submitted by appellants and asked to be held as law.

We are of the opinion that the judgment of the circuit court awarding the writ was not error, and there was no error in the judgment of the Appellate Court affirming. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*