THE PEOPLE *ex rel.* Alexander Lord

*v.*

WILLIAM BRUENNEMER *et al.*

*Opinion filed November 1, 1897.*

1. QUO WARRANTO—*the action of quo warranto is a purely civil one.* The action of *quo warranto* is purely a civil proceeding, wherein an appeal may be taken on the part of the People.

2. SAME—*when appeal in quo warranto lies direct to Supreme Court.* A proceeding by *quo warranto* to determine whether a township high school district has been legally organized involves a franchise, and an appeal therein lies directly to the Supreme Court.

3. SAME—*proper parties to action of quo warranto to determine legality of school district.* A proceeding by *quo warranto* to determine the legality of the organization of a township high school district is properly brought against the individuals who assume to exercise the corporate powers of the township high school board.

4. SAME—*in quo warranto the burden of proof is upon the defendant.* In *quo warranto* proceedings the whole burden is upon the defendant to prove good title to the franchise involved and lawful authority for the exercise of the corporate powers assumed. The People are not required to show anything.

5. SCHOOLS—*organization of township high school district—effect where city lies in two townships.* Under the statute (Laws of 1891, p. 200,) where a city having not less than 1000 nor more than 100,000 inhabitants lies within two townships, that township in which the majority of the inhabitants of the city reside, together with the city, constitutes a school township for township high school purposes.

6. SAME—*township high school—effect where city is a special school district and maintains a high school.* The fact that a city has been created a special school district by an act of the General Assembly, and maintains a high school, does not take the city out of the operation of section 38 of the act on schools, relating to the establishing of township high schools.

APPEAL from the Circuit Court of Kankakee county; the Hon. C. R. STARR, Judge, presiding.

H. L. RICHARDSON, W. H. SAVARY, W. R. HUNTER, and GRANGER & DAVIDSON, for appellant:

The city of Kankakee, being a city in this State having not less than 1000 and not more than 100,000 inhabit-

ants, and lying within two townships, necessarily comes within the proviso of paragraph 67, chapter 122, of Hurd's Statutes of 1895, and is governed thereby.   The fact that the Kankakee school district (which embraces the entire city of Kankakee and more) was organized and still exists under and by virtue of a special act of the General Assembly, does not *ipso facto* prevent the city of Kankakee from being "a part of some Congressional township for high school purposes." *Trustees of Schools* v. *People*, 161 Ill. 146.

The entire *onus* is upon the defendant, and he must show by his plea and proof that he has a valid title to the office.   He must set out by what warrant he exercises the functions of the office, and must show good authority for so doing, or the People will be entitled to judgment of ouster. *People ex rel.* v. *Ridgely*, 21 Ill. 64; *People* v. *Cooper*, 139 id. 461; *Carrico* v. *People*, 123 id. 198.

Where the power to call an election is conferred by law upon certain officers it cannot be exercised by others. Neither can this power be delegated to another. *Schuyler County* v. *People*, 25 Ill. 163.

Where the time, place and manner of holding elections are fixed by law, the electors must take notice of them; and as to such elections the statutory requirements as to notice are directory, only, but in the case of special elections they are mandatory. *People* v. *Porter*, 6 Cal. 26.

PADDOCK & COOPER, for appellees:

A general act or law does not abrogate or supersede a special charter. *Smith* v. *People*, 154 Ill. 58.

A subsequent general law will not, by implication, operate as a repeal of a special law on the same subject, though inconsistent with it. *Butz* v. *Kerr*, 123 Ill. 659.

A person may be resident in a township geographically, and yet be not a resident of said township for the purpose of voting on school questions.   When a city or incorporated town is by act of the legislature created

and constituted a special school district, with the powers and authority necessary to carry on and manage its school affairs in accordance with its own by-laws and ordinances, the voters of said city and town have no right to vote on school questions outside of the city limits. Their right to be regarded as a part of the body politic of the township at large is negatived by the special corporate powers and privileges conferred by the private law or charter. Bateman's Com. School Dec. 278.

The statutory provisions in regard to conducting elections are directory only, and mere irregularities will not vitiate. *Hodge* v. *Linn,* 100 Ill. 360.

Changing the place of election after notice given, and on election day, would not invalidate. *Simons* v. *People,* 119 Ill. 617.

Although the notice is not given as required by law, yet if the voters have actual notice that the election is to be held, and they attend and vote, the election should be considered as a *de facto* election, and should not be set aside if regular in other respects. *Dishon* v. *Smith,* 10 Iowa, 212.

If the law provides a mode for contesting an election that mode must be followed. *Dickey* v. *Reed,* 78 Ill. 261.

The statute provides a mode for contesting the election of school trustees. The mode thus prescribed is exclusive, and the contest cannot be made by *quo warranto.* *Simons* v. *People,* 18 Ill. App. 588.

The contest of school elections is made in the same way that general elections are contested. Hurd's Stat. sec. 42, chap. 122.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was begun by information in the nature of a *quo warranto* against appellees to test their right to exercise corporate privileges as a township board of edu-

cation. Appellees pleaded to the information, and, issues being made and tried before the court, the information was dismissed at the cost of the relator.

A motion by appellees to dismiss the appeal was taken with the case, and will be first disposed of. The grounds of the motion are, that the proceeding is of a criminal nature and the People can have no appeal, since such action would place the defendants twice in jeopardy, and that, if the judgment can be appealed from, an appeal can only be taken to the Appellate Court. The action of *quo warranto* is a purely civil one. (*People* v. *Shaw*, 13 Ill. 581; *Ensminger* v. *People*, 47 id. 384; *People* v. *Boyd*, 132 id. 60; High on Ex. Legal Rem. sec. 603.) And it is so declared by the statute, which also gives the right of appeal in express terms. (Rev. Stat. chap. 112, sec. 7.) This answers the argument on the first ground of the motion.

When an election results in favor of establishing a township high school, and a board of education is elected, the statute provides as follows: "For the purpose of building a school house, supporting the school and paying other necessary expenses, the township shall be regarded as a school district, and the township board of education shall have the power and discharge the duties of directors for such district in all respects." (Hurd's Stat. chap. 122, art. 3, sec. 41.) The information in this case charged that there was no valid election and no valid organization of the township as a school district for said purposes, so that no legal corporate entity was created. The purpose of the suit is to determine whether the district was legally organized, and if not so organized the assumed board of education has no existence. The alleged franchise to be a school district for high school purposes is challenged and involved, and the Appellate Court could have no jurisdiction. (*People* v. *O'Hair*, 128 Ill. 20.) In questioning the organization, the proceeding was properly brought against the defendants, who assumed to exercise the corporate powers of the alleged corporation.

(*People* v. *City of Spring Valley*, 129 Ill. 169.) The motion to dismiss the appeal is overruled.

The defendants, being called upon to show their authority for the exercise of corporate powers, set out by their plea a proceeding for establishing a township high school for township 31, north, range 12, east of the third principal meridian, in Kankakee county, Ill., by means of an election held for that purpose, and a subsequent election at which they were chosen as a township board of education for such township. The information alleges that the city of Kankakee had a population of not less than 1000 and not over 100,000, and was situated within two townships, being partly in said township 31 and partly in township 30, north, range 13, west of the second principal meridian, and that said township 31, together with the said city, constituted a school township for high school purposes. In pleading to this allegation the defendants admitted the population and location of the city, but averred that a majority of the inhabitants resided in township 30, and also set up that said city was included in a special school district formed by an act approved February 16, 1865. The proceeding was had and conducted for the organization of that part of township 31 outside of the city of Kankakee as a school district for high school purposes, and the defendants have levied a tax for such purposes on the property within the township outside of the city and special school district created by the act of 1865. If the city of Kankakee is a part of township 31 for high school purposes there was no legal organization, and the judgment dismissing the information is wrong.

The statute relating to cities situated like Kankakee is as follows: "*Provided*, that when any city in this State having a population of not less than 1000 and not over 100,000 inhabitants lies within two or more townships, then that township in which a majority of the inhabitants of said city reside shall, together with said city, con-

stitute a school township under this act for high school purposes." (Hurd's Stat. chap. 122, art. 3, sec. 38.) It was to meet this statute that the defendants pleaded that a majority of the inhabitants of the city of Kankakee resided in township 30, and they were bound to prove their plea. In a proceeding of this character the burden rests on the defendant to show a good title to the franchise and lawful authority for the exercise of the corporate powers claimed. The People were not bound to show anything, but it was incumbent upon the defendants to prove a legal organization of the school district for the purposes of a township high school. *Clark* v. *People*, 15 Ill. 213; *Carrico* v. *People*, 123 id. 198; *Kamp* v. *People*, 141 id. 9; *People* v. *City of Peoria*, 166 id. 517; High on Ex. Legal Rem. sec. 629.

The defendants did not prove the averment of the plea that the city belonged in the other township. A witness was examined on that question, but knew nothing about it and did not claim to. What he said was mere matter of guesswork, at the same time stating that he did not know, and including in his guess people not inhabitants of the city. This testimony did not rise to the dignity of proof, or make out a *prima facie* case.

The special school district formed by the act of 1865 embraced the entire city of Kankakee and additional territory outside of the city. It is argued that by reason of such organization as a special school district the city is not governed by said section 38, and is not a part of the township for high school purposes. The statute contains no such exception, and we have held that the fact that a city has been created a special school district does not take it out of the provision of that section. *Trustees of Schools* v. *People*, 161 Ill. 146.

It is insisted that the above decision does not apply to the city of Kankakee, because the special school district there created was authorized to and had established graded schools and built a "high or central school house,"

and maintained it with its other school houses. This fact can make no difference. The legislature made no proviso that if a city has a high school or graded schools it shall not be a part of the township district. Probably every city within the terms of the statute has such schools. As we said in *Trustees of Schools* v. *People, supra,* we cannot relieve from hardship resulting from valid legislative acts, and if it is a hardship that the inhabitants of a city should be required to contribute to the support of different schools where the higher branches are taught, the appeal must be to the law-making power.

It follows from what we have said, that there was no legal organization of a school district for township high school purposes of which defendants could constitute a board of education.

There are other questions raised and argued by counsel, but it will be useless to notice them, since the want of a legal district is conclusive of the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*