(*Circuit Court of Cook County.*)

## People of the State of Illinois ex rel. Greeley

### vs.

## William B. Porter, et al.

(March 28, 1899.)

1. PETITION FOR LEAVE TO FILE AN INFORMATION IN THE NATURE OF QUO WARRANTO—PRACTICE, WHERE STATE'S ATTORNEY REFUSES TO ALLOW THE USE OF HIS NAME IN PRESENTING THE PETITION. Where under the statute of *quo warranto* it is provided that a petition for leave to file an information in the nature of a *quo warranto* in the name of the people may be filed by the

state's attorney of his own accord or at the instance of an individual relator, and the state's attorney refuses to allow the use of his name in presenting such petition, *held* that so far as the private rights of the relator are concerned, the use of the name of the state's attorney is a mere matter of form, a mere fiction which has come down from the English law, and that the proceeding should be dismissed so far as the rights of the people are concerned, but retaining the jurisdiction so far as the rights of the relators are concerned.

2. QUO WARRANTO PROPER REMEDY TO TEST LEGALITY OF SCHOOL DISTRICT. *Quo warranto* is the proper proceeding to test the legality of a school district and the right of the alleged board of education thereof to levy taxes.

Petition for *quo warranto,* Circuit Court, Cook County, Gen. No. 193,133. Heard before Judge Murray F. Tuley.

For statement of facts see opinion.

*L. M. Greely,* attorney for petitioner.

*W. F. Struckman,* attorney for certain defendants.

TULEY, J.—

The petition in this case is under the statute of *quo warranto,* chapter 112, which provides that the attorney-general or the state's attorney of the proper county, either of his own accord or at the instance of any individual relator, may present a petition to any court of record of competent jurisdiction for leave to file an information in the nature of a *quo warranto* in the name of the people, in such court, and if such court shall be satisfied that there is probable ground for the proceeding, the court may grant the petition and order the information filed.

The petition was filed with a direction to the relators to notify the state's attorney that he show cause why the court should not order the information filed as prayed for, it having been suggested to the court that application had been made to the state's attorney for the use of his name in presenting the petition and that he had refused to permit such use of his name.

The relators are taxpayers who seek relief, among other things, against the attempted levy of taxes by the alleged

board of education of the said joint high school district. There can be no question but that the proceeding by *quo warranto*, where it is sought to call in question, as in this case, the right of officials to levy taxes and thereby injure the private property of relators, is in fact a civil proceeding, although in form criminal, and that the proceeding by *quo warranto* is the proper proceeding to test the legality of the school district referred to and the right of the alleged board to levy taxes therefor.

The supreme court has decided that a taxpayer cannot raise the question as to the illegality of the school district and obtain relief by injunction in a court of equity, nor can he make that defense upon application for a judgment for taxes levied by authority of a *de facto* board exercising the taxing powers for the district; that his only remedy is by proceeding by *quo warranto*. *Renwick v. Hall*, 84 Ill. 162; *Keigwin v. Drainage Commissioners*, 115 Ill. 347; *Trumbo v. People*, 75 Ill. 561.

The refusal of the state's attorney to present the petition or allow his name to be used in connection therewith raises the question, whether or not the court has the power to grant the petitioner leave to file the petition on the information notwithstanding the objection of the state's attorney.

This question has never been decided in this state, and this is the first case in my long experience on the bench in which any state's attorney ever refused to permit the use of his name in a *quo warranto* proceeding to an individual seeking, as relator, to redress, or prevent, a private injury.

The state's attorney showed cause why he refused to file the petition or allow the use of his name in connection therewith, and moves to set aside the order allowing the petition to be filed and to dismiss the same. The cause shown by the state's attorney in substance is, that he has examined the relator's complaint as to the illegality of the high school district organization and became satisfied that the public interest did not require any attack upon the validity of the high school district, and that petitioner's objection to the legality of the proceedings organizing the district, were technical and without merit; also that in the discharge of his duty as state's attor-

ney and in the exercise of the prerogative of his office, he had refused to file the petition, or to give leave for the use of his name in the proceedings.

There appears to be no reason to question the good faith of the state's attorney in his refusal, but his contention that as state's attorney he must determine for himself and is accountable to no judge or court for his decision whether he will institute or discontinue proceedings wherein the people have an interest, cannot be sustained. If it could be, this petitioner, appealing to a court of justice for relief against taxes assumed to be levied by persons assuming legal powers, finds the state's attorney barring his way and refusing him entrance to the court. If he can do this in one case, he can do it in any and can keep any person in office whom he may desire, without regard to whether such person is legally entitled to the office or not.

It is not a question of the good faith of the state's attorney, and if his position is correct, it is immaterial whether he acts in good faith or bad faith. He contends it is for him and not for the court to decide whether this relator shall have his petition for redress entertained by the court or not.

The state's attorney is an officer of the court and neither he nor any other officer of the court, when it relates to the individual rights of suitors, shall be heard to say that he has more power than the court itself. He does not carry the key of the court room in his pocket to admit whomsoever he pleases. The law requires a relator in a case like this at bar to give security for costs. The relator alleges he has employed his own attorney to attend to the case and he only asks the nominal use of the name of the state's attorney.

It is true that the statute provides that the state's attorney or attorney-general may present, at the instance of a private relator, a petition for leave to file an information in the name of the people. But so far as the private rights of the relator are concerned, the use of the name of the state's attorney or attorney-general is a mere matter of form, a mere fiction which has come down to us from the English law, and is of no more use in determining the rights of the relator, or of other parties

interested, than had the use of the names of John Doe and Richard Roe in the old form of the action of ejectment.

I am of the opinion that as a matter of right the relator had a right to present this petition to the court and that it is a matter of sound judicial discretion, whether the leave to file the information should be granted or not.

Spelling, Extraordinary Relief, sec. 1867, after reviewing the different decisions, says: "In Wisconsin, Iowa, and probably other states, the discretionary control of the court over the proceedings continues throughout the proceeding, and the information may be dismissed at any stage, the practice being analagous to that under the statute 9th of Ann, under which the matter is at all times under the control of the court." Our statute of 1845 was substantially that of the 9th of Ann. *People v. Ridgley,* 21 Ill. 64; and *People v. Waite,* 70 Ill. 25.

The present revised statute of 1871, while the more comprehensive and sweeping in some respects, is substantially like that of 1845, so far as the rights of a private relator are concerned. Under the English decisions the 9th of Ann was held "to let in every person who desired it to make use of the king's name in actions of *quo warranto,* and that the act did not leave it to the discretion of the crown officers but put it in the discretion of the court. Cole, Criminal Information, p. 125; and cases cited bearing on the same question. See *Commonwealth v. Swank,* 79 Pa. St. 154. The taxpayer was held entitled to the writ to test the election of members of a board of assessment. *State v. Hammer,* 42 N. J. Law 435.

Our own supreme court draws a distinction between a proceeding in *quo warranto* to enforce public rights and one to enforce private rights, and although there are no decisions directly in so many words that declare a relator has a right to the writ without the consent of the state's attorney, or without the use of the name of the state's attorney, it is fairly inferable from the decisions that such right does exist. *People v. Boyd,* 132 Ill. 60; *People v. North Chicago Railway Company,* 88 Ill. 537; *People v. Bruennemer,* 168 Ill. 482. In the latter case, which was a *quo warranto* proceeding to declare the illegality of a high school district, the court held that the action

of *quo warranto* is a purely civil one, citing *People v. Shaw,* 13 Ill. 581; *Ensminger v. People,* 47 Ill. 384, and *People v. Boyd,* 132 Ill. 60.

It is contended, however, by the state's attorney that the public interests, as well as private interests, are involved in this litigation. In the state of Wisconsin, *Attorney-General v. Barstow,* 4 Wis. 567, a similar question arose, and the court there held, on a motion by the attorney-general to dismiss the proceeding, that the proceeding would be dismissed so far as the rights of the people were concerned, but would be retained so far as necessary to give relief to the relator in his individual right.

I am satisfied that this court has jurisdiction to give the relator the relief prayed for, assuming the facts in the petition to be true, even though in granting that relief the interest of the public might be directly or indirectly affected, and that the court can do this notwithstanding the objection of the state's attorney.

An order may be drawn dismissing the proceeding so far as the rights of the people are concerned, but retaining the jurisdiction, so far as the private rights of the relators are concerned. The order may provide for the filing of the information in the name of the people by the state's attorney on the relation of the relators, or without using the name of the state's attorney as may be desired, the order to be drawn in accordance with the views expressed, and a copy thereof to be submitted to the members of the board and the state's attorney before presenting the same for entry.

This method of proceeding may produce some complications, but I have no doubt of the power of the court to adjudicate at the suit of the relators as to the right of Porter and the other defendants to act as members of the alleged board of education and to certify taxes to be collected from relators' property. If the interests of the people suffer thereby, it may be because the state's attorney refuses to have the people represented in the case.