(No. 12196.—Reversed and remanded.)

THE PEOPLE *ex rel.* D. W. Darnell *et al.* Appellees, *vs.*
A. E. WOODWARD *et al.* Appellants.

*Opinion filed October 21, 1918.*

1. SCHOOLS—*what does not render organization of high school
district unconstitutional.* The fact that the territory of a new high
school district embraces all or parts of existing common school dis-
tricts in which high school studies are being taught does not render
the organization of the new district unconstitutional, but the con-
stitutional limitations must be observed in levying school taxes.

2. SAME—*what equivalent to consent of county superintendent
to dividing school districts.* The provision of section 89 of the
High School act of 1917 that no existing school district shall be
divided by high school district boundaries except where the county
superintendent of schools shall deem it necessary, is complied with
where a petition to organize a high school district which will divide
existing school districts is submitted to the county superintendent,
who orders an election.

3. SAME—*territory need not be in form quadrilateral to be com-
pact and contiguous.* To be compact and contiguous within the
meaning of the curative act relating to high schools it is not es-
sential that the territory be quadrilateral in form.

APPEAL from the Circuit Court of DeKalb county; the
Hon. MAZZINI SLUSSER, Judge, presiding.

HARRY C. LEWIS, and FAISSLER, FULTON & ROBERTS,
for appellants.

C. A. DARNELL, L. B. OLMSTEAD, and THEODORE WOR-
CESTER, (LOWELL B. SMITH, State's Attorney, of counsel,)
for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a petition filed in the circuit court of DeKalb
county by the State's attorney of that county, on the rela-
tion of various persons, for leave to file an information in
the nature of *quo warranto* against appellants, alleging that

they had usurped and were unlawfully holding and exercising the offices and powers of president and members of a high school board of education. Appellants filed a plea of justification, claiming to be the legally elected officers of a legally organized high school district. After various pleadings were filed and hearings had, the court overruled the demurrer which it was stipulated should be assumed as filed to the replication, and entered a judgment of ouster. After the validating act of June 14, 1917, was passed, the trial court, on motion, vacated said former judgment and granted a new trial. After a hearing in which said validating act was formally brought to the attention of the court, the assumed demurrer was again overruled and judgment of ouster again entered. From this judgment the respondents have perfected an appeal to this court.

Township High School District No. 402 in question was organized under the High School act of 1911 and was situated in three counties, viz., DeKalb, LaSalle and Kendall. It is about ten miles long, measured from north to south, and about eight miles wide at its widest portions. The city of Sandwich lies within it at about the center. About one and a half miles to the east of the eastern boundary of the district, and outside of it, lies the city of Plano, in Kendall county, and about three-fourths of a mile west of its western boundary, in LaSalle county, and also outside of said district, is the village of Somonauk.

It is argued at some length by counsel that the validating act of 1917 is unconstitutional. In view of the repeated decisions of this court holding such act constitutional we see no reason to further consider that question. Practically all the points raised on that subject have been considered and disposed of by this court in former decisions.

The further point is made by appellees that the high school district as organized is invalid and unconstitutional because the territory out of which it was organized has within its boundaries all or parts of former school districts

which have heretofore conducted and now are conducting high schools in connection with the other work of said school districts; that as each of these former districts had heretofore conducted a high school said High School District No. 402 is illegal, because two corporations of the same kind and character cannot occupy the same territory at the same time for the same purpose. (*People* v. *Militzer,* 272 Ill. 387; *People* v. *Crews,* 245 id. 318; *People* v. *Lease,* 248 id. 187; *Bishop* v. *People,* 200 id. 33; *West Chicago Park Comrs.* v. *Sweet,* 167 id. 326; *West Chicago Park Comrs.* v. *City of Chicago,* 152 id. 392.) The principle laid down in these decisions is self-evident as applying to the facts in the respective cases, but the application of that principle to the special facts in this and other cases is not always free from difficulty. In the first place, in this case it is not clear that the former school districts occupying the territory in dispute exercised the same powers, jurisdictions and privileges as the high school district here in dispute is authorized to exercise. The original districts were organized as ordinary common school districts under the general School law, and they could exercise such powers as are authorized by sections 103 to 127 and 524 to 539, inclusive, of chapter 122 of the Illinois statutes. (Hurd's Stat. 1917, pp. 2655, 2736.) It is well known that under these sections of the statute the boards of directors are supposed to establish and maintain schools for what are usually known as the common school grades, while it is the duty of the high school boards of education, such as are in control of Township High School District No. 402, to establish at some central point most convenient for the majority of the pupils of the township, high schools for the more advanced·pupils. The authority of the board of education of the ordinary common school district and of such a high school district as this differ also in some other respects. Even if it could be argued that the two corporations covering the same territory exercised similar powers, the creation of the new one would be

legal unless prohibited by the constitution. While the wisdom of having two boards of school directors occupying the same territory and exercising the same or similar powers in the same territory might well be doubted, that is not the question before this court. We are considering the constitutionality of so organizing in the same territory two boards of directors with the same or similar powers. It was said by this court in *Russell* v. *High School Board,* 212 Ill. 327, on page 331: "Even if it could be said that there are two corporations covering the same territory, the creation of the new one would be nothing but a division or re-distribution of existing powers under the School law." Again, in *Speight* v. *People,* 87 Ill. 595, the court said (p. 600): "The General Assembly, in accordance with a well settled canon of construction of legislative powers, may therefore act, in these respects, at its discretion, and prescribe such mode for the formation of school districts and designate such persons for the levying, collecting and having the custody of school taxes as it, alone, shall consider most conducive to the public interests." Again, in *People* v. *Bruennemer,* 168 Ill. 482, the court said (p. 488): "The legislature made no proviso that if a city has a high school or graded schools it shall not be a part of the township district. Probably every city within the terms of the statute has such schools. As we said in *Trustees of Schools* v. *People,* 161 Ill. 146, we cannot relieve from hardship resulting from valid legislative acts, and if it is a hardship that the inhabitants of a city should be required to contribute to the support of different schools where the higher branches are taught, the appeal must be to the law-making power."

It it well known that in our complex system of government different public authorities exercise within parts of the same territory practically similar powers. Thus, in *Chicago Packing and Provision Co.* v. *City of Chicago,* 88 Ill. 221, it was held that two municipal corporations could exercise within the same district the power of prohibiting or

licensing the operation of packing houses. So, also, in *Wilson* v. *Sanitary District of Chicago,* 133 Ill. 443, and *People* v. *Nelson,* 133 id. 565, it was held that the organization of the sanitary district, which included parts of other municipalities, was constitutional, even though the different municipal authorities exercised, in parts of the same territory, the power and authority to build and control public improvements for the sewage disposal in such territory. This power and authority must be exercised in a particular way by these different public authorities so as not to bring different municipalities into conflict in doing the same identical work for the same sections. It is well known that the park systems of Chicago, the Sanitary District of Chicago and the city of Chicago have police forces that are active within substantially the same territory. This rule that two municipal corporations should not exercise their powers and franchises within the same territory at the same time and for the same purpose should be practically and reasonably enforced so as not to overburden with taxes the citizens of the same territory and yet in such a way as to not make it impossible to furnish all the needful facilities for good government to such territory. While the general rule is sound and should be applied so far as practicable, it does not apply to the present situation. The high school as organized in High School District No. 402 is not concerned with the primary branches of education taught in the common schools. Its field of activity is enlarged and different in scope from that of the ordinary district. The two classes of districts complement one another but do not conflict in their organization. It must be assumed that, having in mind the different purposes of organization of these different school districts in the same territory, the school authorities of district No. 150, if this high school district is held valid, will not attempt to promote the teaching of high school studies in the common school districts,—at least to the same extent that they would if this high school dis-

trict had not been organized,—and that proper arrangements will be made, by annexation or otherwise, as to the part of district No. 331 included in the high school district. Public opinion in that locality will very largely enforce the practical carrying on of these districts so there will not be double taxation for the purpose of teaching the same studies within the same territory. We do not think the organizing of this school district from part or all of school districts that were teaching high school studies before the organization of High School District No. 402 renders the organization of such district unconstitutional. Necessarily, in levying taxes for school purposes the various public authorities of these school districts must levy such taxes within the constitutional limitation as to the levy of taxes for these purposes. *People* v. *Chicago and Illinois Midland Railway Co.* 256 Ill. 488.

Counsel for appellees further argue that the formation of High School District No. 402 was illegal under section 89 of the School law as amended in June, 1917, which provides that in forming a community high school "existing school districts shall not be divided by high school district boundaries, except where in the judgment of the county superintendent of schools of the county in which the larger part of the proposed high school district lies, it is necessary in order to make a compact and satisfactory high school district." (Hurd's Stat. 1917, p. 2648.) We do not think the high school district here in question is such a high school district as referred to in said section 89. Furthermore, there is merit in the argument of counsel for appellants that in organizing said high school district, the larger part of which is situated in DeKalb county, the petition for organization was submitted to the county superintendent of schools of DeKalb county, and that he thereupon ordered an election, appointed an election board and fixed the time and place of holding the election, and that therefore it necessarily must be assumed that by his acts he

thereby showed that in his judgment it was necessary to divide the school district in question to make a compact and satisfactory school district. Surely, if in his judgment he had thought it not necessary to do so in order to make a compact and satisfactory high school district he would not have so ordered the election. It would doubtless be better practice, however, in proceeding under section 89, for the county superintendent to include in the notice of election a formal declaration that he approves the dividing of any district that is proposed to be divided.

It is further argued by counsel for appellees that there was a misdescription in the petition in describing the territory comprising said new High School District No. 402 in regard to school district No. 70. It appears from the stipulation of facts that school district No. 70 lies partly in LaSalle county and partly in Kendall county,—that it is a union district. The petition for the organization of High School District No. 402 is set forth *in hæc verba* in the plea filed in these proceedings. It states in the first paragraph that High School District No. 402 is to be organized so as to comprise a part of the township of Little Rock and part of the township of Fox, in Kendall county, and part of the township of Northville, in LaSalle county, without stating what parts it comprises of these townships, but later on it describes in terms what part of Kendall county is to be included in the high school district and also what part of LaSalle county, as follows: "All of districts Nos. 321, 322, 325 and 70, all situated in township 36, north, range 5, east of the third principal meridian, in the county of La-Salle and State of Illinois." We think it is obvious from the entire petition that it was intended only to include as a part of the new high school district that part of union district No. 70 that was situated in LaSalle county and that no part of union district No. 70 located in Kendall county should be a part of the new high school district.

We find also some discussion in the briefs as to whether High School District No. 402 was legally organized because not composed of contiguous and compact territory, as required by the so-called curative act. While there are some irregularities in the boundaries of the district, so that it is not quadrilateral in form or as compact or contiguous as if all the property in the district were in a circle or quadrilateral in form, yet under the rulings of this court in *People* v. *Crossley,* 261 Ill. 78, *People* v. *Swift,* 270 id. 532, and *People* v. *Herrin,* 284 id. 368, there can be no question that the district must be held to be compact and contiguous, as those terms are used in the High School law. Also, under these same decisions it must be held that the election held to elect appellants as members of the high school board was a legal election.

In view of our conclusions on the points already considered, it necessarily follows that the trial court erred in entering the judgment ousting appellants. The judgment of the circuit court will therefore be reversed and the cause remanded for further proceedings in harmony with the views herein expressed.          *Reversed and remanded.*