(No. 13728.—Judgment affirmed.)

THE PEOPLE *ex rel.* S. K. Strother, Plaintiff in Error, *vs.*
CHARLES W. SLEIGHT *et al.* Defendants in Error.

*Opinion filed December 19, 1922—Rehearing denied Feb. 9, 1923.*

1. QUO WARRANTO—*when replication to plea of justification is
subject to special demurrer.* In a *quo warranto* proceeding, where
the plea of justification alleges facts showing the right of the de-
fendants to exercise the privilege claimed and concludes with a tra-
verse under the *absque hoc,* a replication which denies the matters
of inducement in the plea and tenders an issue on the same is sub-
ject to special demurrer.

2. SCHOOLS—*community high school district may include a high
school maintained by common school district.* A community high
school district is not void because it includes within its boundaries
a common school district which maintains and operates an accred-
ited and efficient high school.

3. SAME—*boundaries of community high school districts need
not coincide with common school districts.* There is no provision
in section 89*a* of the School law, for the organization of com-
munity high school districts, requiring that the boundaries of such
school districts shall coincide with existing common school districts.

4. SAME—*the act of 1919 for organization of community high
school districts is valid.* The act of June 28, 1919, comprising sec-
tion 89*a* of the School law, for the organization of community high
school districts, is not unconstitutional, nor does such section fall
because section 90 is invalid. (*People* v. *Exton,* 298 Ill. 119, and
*People* v. *Long,* 297 id. 194, followed.)

5. SAME—*when issue is formed by replication to plea of justi-
fication.* Where the plea of justification to an information in the
nature of *quo warranto* attacking the organization of a community
high school district alleges facts showing the right of the defend-
ants to exercise the privilege claimed and concludes with a traverse
under the *absque hoc,* an issue is formed when the People file a
replication re-affirming the usurpation and joining in the traverse,
and it thereupon becomes the duty of the defendants to prove the
facts alleged in their plea.

6. SAME—*when fact that district is compact and contiguous is
settled by stipulation.* Where the plea of justification in a *quo war-
ranto* proceeding attacking the organization of a community high
school district alleges that the territory of the district is compact
and contiguous and sets out a description and plat of the district,

and the People, instead of standing by a demurrer to the plea, file replications and finally enter into a stipulation reciting that "the allegations of the plea may be accepted and considered by the court as *prima facie* true," the fact that the district is compact and contiguous is settled by the stipulation and cannot be questioned.

CARTWRIGHT and CARTER, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

EDWIN JOHNSTON and BARRY MUMFORD, State's Attorneys, (W. E. WILLIAMS, and A. CLAY WILLIAMS, of counsel,) for plaintiff in error.

CAPPS & WEAVER, and STEVENS & HERNDON, (A. D. STEVENS, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

An information in the nature of a *quo warranto* was filed in the circuit court of Pike county calling upon defendants in error to show by what authority they hold the offices of president and members of the board of education of Community High School District No. 171, in said county, and exercise the rights and privileges thereof. Defendants in error filed a plea of justification, setting out all the proceedings by which the district was organized and by which they were elected to the several offices held by them, and setting out a full and complete description of the territory included within the boundaries of said district, together with a map of the same. To this plea general and special demurrers were filed and overruled. Leave first being had to reply double, plaintiff in error filed ten replications to said plea. The tenth replication re-affirmed the usurpation alleged in general terms in the information filed, thereby placing in issue all the facts alleged in the plea. Replications 1, 2, 3, 4, 5 and 9 each set out at great length matters which it was alleged showed that the territory was not compact

and contiguous.  General and special demurrers to replications 2 and 3 were filed, and the special demurrer was properly sustained for the reason that the replications denied matters of inducement and tendered an issue on the same.  *People* v. *Opie,* 304 Ill. 521.

Rejoinders were filed to replications 1, 4, 5 and 9, and demurrers filed to these rejoinders were overruled.  These replications were subject to special demurrer for the reason that they denied matters of inducement, but they need not be considered further, for the reason that all questions attempted to be raised by them are properly raised by replication 10, which re-affirms the usurpation.

Replication 6 alleges that Griggsville School District No. 52 lies wholly within the boundaries of Community High School District No. 171, and that it has for many years last past maintained, and does now maintain and operate, an accredited and efficient high school, and that for the reason that two municipal corporations cannot exist upon the same territory at the same time for exactly the same purpose the district in question is void.  This contention has been settled against plaintiff in error in *People* v. *Woodward,* 285 Ill. 165, and in *Schrodt* v. *Holsen,* 299 id. 247, and the general demurrer to the replication was therefore properly sustained.

Replication 7 alleges that there is no adequate remedy or means provided by law by which portions of territory improperly included in a community high school district may be detached from the district.  If this contention be true, then there is no law giving persons residing within a community high school district the right to have territory detached from the district, and so the law does not need to provide a remedy where no right exists.  This being true, the general demurrer to this replication was properly sustained.  Inasmuch as we do not consider the question involved here, we do not decide that there is no means provided by law by which portions of territory may be detached

306—21

from a community high school district where the right to have it detached exists.

Replication 8 alleges that the boundaries of the district in question divide several existing school districts, and for that reason the high school district is void. No authority is presented to sustain this replication, and there is no provision in section 89*a* of the School law, under which this district is organized, requiring that the boundaries of community high school districts shall coincide with existing common school districts. A similar contention was considered and overruled in *People* v. *Woodward, supra.* The general demurrer to this replication was properly sustained.

The contention of plaintiff in error that the act of June 28, 1919, (Laws of 1919, p. 908,) is unconstitutional because it contravenes certain provisions of section 13 of article 4 of the constitution has been decided in *People* v. *Exton,* 298 Ill. 119, and *People* v. *Moyer,* id. 143.

The contention that section 89*a* is so related to section 90 that the legislature would not have passed the former without the latter, and that therefore the unconstitutionality of section 90 renders section 89*a* void, has been decided in *People* v. *Long,* 297 Ill. 194.

The information filed in this cause alleges usurpation in general terms, and the plea of justification alleges facts showing the right of defendants in error to exercise the privilege claimed and concludes with a traverse under the *absque hoc.* The People took issue by joining in the traverse by re-affirming the usurpation by replication 10, and it thereupon became the duty of defendants in error to prove the facts alleged in their plea. (*People* v. *Clark,* 298 Ill. 170.) With the pleadings in this condition the parties entered into a stipulation in which it was agreed that "the allegations of the plea may be accepted and considered by the court as *prima facie* true." This left no question of fact to be tried. By failure to stand by their demurrer to the plea, and by this stipulation, plaintiff in error has admit-

ted that the facts alleged in the plea are well pleaded and that they are true. The plea having set out a description and a plat of the district, and having alleged that the territory within the district was compact and contiguous, plaintiff in error cannot now contend that the territory is not compact and contiguous.

The court properly dismissed the information at the costs of plaintiff in error, and its judgment is affirmed.

*Judgment affirmed.*

CARTWRIGHT and CARTER, JJ., dissenting.

---

(No. 15014.—Reversed and remanded.)
THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* JOHN W. KEOGH, Appellant.

*Opinion filed December 19, 1922—Rehearing denied Feb. 9, 1923.*

1. TAXES—*authority of board of review and of assessors is limited to the statute.* The board of assessors and the board of review have no other authority except such as is given them by statute.