(No. 41595.—

EDMUND J. KUCHARSKI, County Collector, Appellee, *vs.* CLARON N. WHITE *et al.,* Appellants.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

CLARON N. WHITE, of Chicago, for appellants.

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (DANIEL P. COMAN and FRANCES G. SOWA, Assistant State's Attorneys, of counsel,) for appellee.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from an order overruling objections to a portion of the tax levied for the year 1966 by the vil-

lage of Arlington Heights on property owned by Claron N. White and Mary Florence White. The taxpayers contend that the village of Arlington Heights levy for 1966 includes a levy for the Arlington Heights Memorial Library and that since the property owned by the Whites is also included within the boundaries of the Prospect Heights Library District, there is a double taxation of the taxpayers' property for library purposes, and that the levy by Arlington Heights is therefore unconstitutional.

The subject property was annexed to the village of Arlington Heights in 1965 but both prior thereto and subsequent to such annexation the property remained in the Prospect Heights Library District. The taxpayers' bill for 1966 taxes included taxes imposed by both the Prospect Heights Library District and taxes imposed by the village of Arlington Heights, which village levy included taxes for the Arlington Heights Memorial Library. It likewise appears that there is no territory of the village of Arlington Heights included within the Prospect Heights Library District except such properties as have been annexed to the village of Arlington Heights.

The fourteenth amendment of the United States constitution provides that a State cannot deprive taxpayers of their property without due process of law, and the Illinois constitution, article II, section 2, reiterates this restriction. Furthermore, the Illinois constitution gives to the General Assembly only those powers specifically recited and those powers inherent in express powers set forth in its preamble. The Illinois constitution particularly refers to the obligation to tax uniformly in section 9 of article IX, in which it is stated: "all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform in respect to persons and property, within the jurisdiction of the body imposing the same." The taxpayers contend that these provisions are violated when their property is in fact taxed to support two public libraries. It is urged that

since all property owners in the village of Arlington Heights are not taxed to provide two libraries, there is an unequal treatment by the law and these constitutional provisions are therefore violated.

The fact that there are levies by different public authorities having practically similar powers exercised within parts of the same territory does not in and of itself constitute lack of uniformity in taxation. In *People ex rel. Darnell* v. *Woodward*, 285 Ill. 165, this court held that a levy of a new high school district was proper even where a pre-existing common school district offered high school classes. Similarly in the case of *Highway Commissioners* v. *City of Bloomington*, 253 Ill. 164, it was held that a county levy for roads and bridges made upon property located within a city which also levied for roads and bridges was a proper levy.

In *Dugan* v. *Berning*, 11 Ill.2d 353, we held that a levy to build a township library upon all property within the township including that located within a municipality which taxed to maintain a library was proper. In that case the city of Lake Forest had been maintaining a public library for more than 50 years when a library district for West Deerfield Township was established, which territory included the city of Lake Forest. It was there contended that the new library was really designed for the benefit of Deerfield only, at the expense and to the detriment of the residents of the entire township, and particularly to the detriment of those people who lived in Lake Forest and were already paying library taxes to the city of Lake Forest. In that case we stated at page 359, "The plaintiff concedes that the mere circumstance of dual taxation does not offer a basis for constitutional objection," and we cited in support of that statement the cases of *People ex rel. Darnell* v. *Woodward*, 285 Ill. 165, and *Board of Highway Commissioners* v. *City of Bloomington*, 253 Ill. 164. We then stated, at page 359, "The alleged inequities of which the plaintiff complains are beyond the reach of the courts." Here it is not conceded that

the mere circumstance of dual taxation does not offer a basis for constitutional objection, but on the other hand, taxpayers insist that the constitution renders the tax levy of the village of Arlington Heights in this case illegal because it constitutes double taxation.

In *People ex rel. Kelly* v. *Lund,* 25 Ill.2d 387, we had occasion to pass upon the meaning of the constitutional provision that taxes shall be uniform as mentioned in sections 9 and 10 of article IX of the Illinois constitution. There we were interpreting the statute concerning fire-protection districts and the facts were similar to this case, since in that case the statute provided that a part of a city cannot be included within a fire-protection district except where the city has annexed a portion of the district. We stated at page 391: "Nor do we find in the statute any violation of the provisions of sections 9 and 10 of article IX of the constitution. Both of these sections provide that the taxes levied by municipal corporations 'shall be uniform in respect to persons and property, within the jurisdiction of the body imposing' the taxes. Their purpose is to guard against injustice in the taxing process, not to require it. 'Jurisdiction' does not mean territorial jurisdiction (*Butz* v. *Kerr,* 123 Ill. 659), and it has been held that these sections of the constitution do not preclude the General Assembly from making adjustments that recognize that one governmental unit, rather than another, has been made responsible for the discharge of a particular governmental function."

In *People ex rel. Darnell* v. *Woodward,* 285 Ill. at page 168, quoting from *People* v. *Bruennemer,* 168 Ill. 482, the court said: "The legislature made no proviso that if a city has a high school or graded schools it shall not be a part of the township district. Probably every city within the terms of the statute has such schools. As we said in *Trustees of Schools* v. *People,* 161 Ill. 146, we cannot relieve from hardship resulting from valid legislative acts, and if it is a hardship that the inhabitants of a city should be required to

contribute to the support of different schools where the higher branches are taught, the appeal must be to the lawmaking power." The court further stated: "It is well known that in our complex system of government, different public authorities exercise within parts of the same territory practically similar powers," and at page 170, "We do not think the organizing of this school district from part or all of school districts that were teaching high school studies before the organization of High School District No. 402 renders the organization of such district unconstitutional."

It is, therefore, our opinion that the tax levy of the village of Arlington Heights is not invalid and is not in violation of either the provisions of the Illinois or the United States constitutions. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*