STATE OF MINNESOTA, *ex rel.* Robert Ross, *vs.* FREEMAN D. SOMERBY and others.

November 19, 1889.

**Corporation—Quo Warranto—Parties.**—Proceedings in the nature of *quo warranto,* when instituted for the purpose of restraining a corporation from an unlawful exercise of franchises, must be against the corporation, and not merely against its officers and agents.

*Quo warranto.* Demurrer by respondents.

*M. R. Tyler,* for relator.

*John D. O'Brien* and *Morphy & Gilbert,* for respondents.

DICKINSON, J. This proceeding was instituted by information in the nature of *quo warranto,* the obvious and only purpose being to have determined the right of the respondents, acting in a corporate capacity, to carry on an insurance business in this state. It is shown that some of the respondents named, with others, associated themselves together, and executed and filed articles of incorporation in the state of Indiana, and claim to have become thereby incorporated under the name of "The Supreme Sitting of the Order of the Iron Hall;" that the respondents, acting as the officers and agents of such assumed corporation, are engaged in making contracts of insurance

in behalf of the corporation, the laws of our state regulating the business of insurance not having been complied with in several specified particulars. The corporation, if any such exists, is not made a party to this proceeding, and for this cause the respondents demur. The objection raised by the demurrer—to going on with this proceeding without the corporation being made a party—is well taken. These respondents are not, as it appears, acting in their individual capacity, but as the officers and agents of a corporation. They do not assume to make contracts of insurance for themselves, or binding upon themselves. So far as appears, their acts and contracts are the acts and contracts of a corporation. For the purposes of this proceeding, as it has been presented upon the argument of this demurrer, it is to be assumed that the Order of the Iron Hall has a corporate existence in the state of Indiana, and that these respondents are its proper officers and agents; for, while perhaps the information may be broad enough to require the respondents to show by what authority they exercise corporate franchises, it is evident from the brief of the relator upon this demurrer that the whole contention on the part of the state is as to the right of the corporation, whose existence is assumed, to carry on its corporate business in this state; and that the corporate existence of the order is not really called in question. It would be idle, admitting the corporate existence, to go on with this proceeding against these individual agents alone, for the purpose of preventing them from continuing to make contracts in behalf of the corporation. If judgment should be given for the state, it would not affect the corporation. It might appoint other agents, and continue to carry on its business as before. When the purpose of a proceeding of this nature is to restrain a corporation from the unlawful exercise of corporate franchises, the proceeding must be against the corporation as such, and not alone against individual officers and agents. 2 Wat. Corp. § 385.

Writ quashed.