STATE OF NEBRASKA, EX REL. W. S. SUMMERS, DEPUTY
AND ACTING ATTORNEY GENERAL, v. V. J. URIDIL
ET AL.

FILED JUNE 29, 1893.    No. 6102.

1. **Incorporation of Villages:** ORDER FRAUDULENTLY OB-
TAINED. An order incorporating a village is void when it is ob-
tained from the county board by means of a paper purporting to
be a petition signed by a majority of the taxable inhabitants of
the territory sought to be incorporated, but the signatures at-
tached to which were not by the signers thereto appended, but
were given for some other purpose and fraudulently thereto at-
tached.

2. **Wrongful Exercise of Corporate Powers:** QUO WAR-
RANTO: OUSTER. *Quo warranto* is the proper remedy to oust
persons who are exercising the powers of corporate offices when
the corporation has no legal existence.

ORIGINAL proceeding in nature of *quo warranto*.

*W. S. Summers, Deputy and Acting Attorney General,
Frick & Dolezal*, and *S. H. Steele*, for relator.

IRVINE, C.

This is an information in the nature of *quo warranto*,
alleging that the respondents, conspiring to usurp the fran-
chise and power to license the traffic in intoxicating liquors,
and enjoy its revenue in a place in Butler county known
as Abie, procured upon a piece of paper the signatures of
certain persons, and thereafter made a writing in the form
of a petition, praying for the incorporation, as a village, of
said place of Abie, and fraudulently attached said signa-
tures to said writing, making the same falsely to appear
as a petition in due form by a majority of the taxable in-
habitants of said Abie for incorporation as a village; that
they presented that paper to the board of supervisors of
Butler county, and that certain of the respondents ap-

peared before said board and falsely swore that said place of Abie contained more than two hundred and less than fifteen hundred inhabitants, whereas in fact said place contained in all not more than seventy inhabitants. The information further alleges that by such means the respondents fraudulently procured the county board to make an order pretending to incorporate said place of Abie as a village, and appointing the respondents as a board of trustees of said village; and that the respondents have, ever since said proceedings, unlawfully and fraudulently usurped and exercised the franchise and corporate powers and duties of a village. The prayer is for a writ of *quo warranto* and judgment of ouster against said defendants and for costs. No answer has been filed and the allegations of the information must be taken as confessed.

It is clear under these facts that the territory designated as Abie was not entitled to incorporation as a village; that no proper petition was filed before the board of supervisors, and that, on the contrary, a grave fraud was practiced upon the board to procure the order of incorporation, whereby the board was induced to act upon a forged petition which conferred no jurisdiction upon the board. Under the common law *quo warranto* would not lie in such a case. (*Rex v. Saunders,* 3 East [Eng.], 119.) And there are decisions in the United States to the same effect. Section 704 of the Code of Civil Procedure provides, however, that an information may be filed against any person unlawfully holding or exercising any public office or franchise, or when any persons act as a corporation without being authorized by law. Under very similar statutes it has been held in several states, and we think rightly, that in such proceedings against the persons unlawfully exercising the powers of an office the legal existence of that office may be determined. (*People v. Carpenter,* 24 N. Y., 86; *State v. Parker,* 25 Minn., 215; *State v. Gladwin,* 41 Mich., 647; *State v. Coffee,* 59 Mo., 59.) Indeed it would seem that to

institute proceedings against the village itself would be to recognize its existence as a corporation, and that if the incorporation is void the only proceedings must be against the persons undertaking to exercise its franchises. There will be a judgment of ouster and for costs against the respondents.

WRIT ALLOWED.

THE other commissioners concur.