## PARSONS v. THE PEOPLE.

**Elections—Qualification of Voters—Residence—Students.**

A student who came into the state for the purpose of attending school, and resided in the county and precinct within which the school was situated for more than six months and intended to so reside until he completed the course of four years, but did not intend to reside in said county after completing the course of study, and was without intention as to what place he would make his permanent habitation, was not a resident within the meaning of the constitution and was not a legal voter in the precinct where the school was located.

*Error to the District Court of Jefferson County.*

The plaintiff in error, H. F. Parsons, was convicted of illegal voting. The information charges that on the 6th day of November, A. D. 1900, at the county of Jefferson, there was a general election duly and in form of law had and held; that there was then and there a place for voting called election precinct number nine; that said H. F. Parsons did then and there unlawfully and knowingly vote and offer to vote in said election precinct, in which precinct he did not then and there reside. The defendant was found guilty and fined the sum of ten dollars. Upon the trial the following stipulation was entered into in behalf of the people and the defendant, and constitutes the evidence upon which he was convicted:

"Now, on this 27th day of November, 1900, the people appearing by Erwin L. Regennitter, the district attorney, and the defendant appearing and being present in court in his own proper person and also by Ward & Ward, his attorneys, it is stipulated and agreed between the people and the said defendant for the purposes of this case that on the 6th day of November, 1900, at the said county of Jefferson, there was a general election duly and in due form of

law had and held, that there was then and there a place for voting called election precinct numbered nine; that said defendant did then and there vote and offer to vote in said election precinct; that he was then and there of the age of twenty-one years; that he came to said Jefferson county in the month of September, 1899, for the sole purpose of obtaining an education; that he entered a certain institution of learning there situate, to wit: The School of Mines, as a student, in the month of September, 1899; that at the time of so entering said institution his attention was, by the officers of said institution, called to a rule of the board of trustees thereof which reads as follows: 'Resolved, beginning with the next fiscal year, December 1, 1898, a charge for tuition equal to $50 per annum shall be collected from all students entering this school from locations outside of Colorado;' that he thereupon and also upon returning to said institution after the summer vacation of 1900, paid for one year's tuition as required by said rule; that his home prior to coming to said Jefferson county, as aforesaid, was at Wamego, Kansas; that at that time his parents resided at Wamego, Kansas; that he went to Wamego, Kansas, where his parents resided, in the summer vacation of 1900, and spent the said vacation in Kansas, Missouri and Colorado; that during said vacation he kept his room and furniture at Golden, in said Jefferson county; that he has been supported and maintained during his stay in said Jefferson county, Colorado, by money borrowed and secured by himself from an uncle, together with some money earned by his individual efforts; that on said 6th day of November, 1900, his parents were residing in Wamego, Kansas; that he never at any time during his stay in said Jefferson county, formed or had the intention to make or not to make said county his fixed and permanent place of habitation; that

during said period he has not paid any poll tax in the city of Golden, in said Jefferson county, or any tax in said county in which said precinct is situate; that he has never been and is not now married; that he has never since leaving Wamego, Kansas, in September, 1899, as aforesaid, determined where he would make his permanent home; that he was on said 6th day of November, 1900, without any intention so far as the adoption of any place as a fixed and permanent habitation is concerned, and had not then any intention as to where he would locate or settle or cast his lot after graduating from said School of Mines, but did then and there intend not to stay or remain in said county of Jefferson after so graduating, but did intend to remain in said county of Jefferson until such time; that the course which he was then and there taking was a four years' course; that on the said 6th day of November 1900, this defendant personally knew all of the facts herein stated which bear on the question of his residence; that at the time defendant voted he said he had a residence in said Jefferson county; and that at said time the defendant, in case of a very serious illness or affliction such as blindness, would have returned to Wamego, Kansas, where his parents then resided.''

Messrs. Ward & Ward, for plaintiff in error.

Mr. Chas. C. Post, attorney general, Mr. James D. Merwin, Mr. C. A. Roberts and Mr. George M. Post, assistants attorney general, for the people.

Mr. Justice Steele delivered the opinion of the court.

The sole question for our determination (all irregularities having been waived by the defendant) is whether or not the defendant, being a native-born citizen of the United States over the age of twenty-

one years, was, on the 6th of November, 1900, a resident of election precinct number nine in Jefferson county, Colorado, within the meaning of the constitution.

Clause 2 of section 1 of article 7 of the constitution is as follows: "He shall have resided in the state six months immediately preceding the election at which he offers to vote, and in the county, city, town, ward or precinct such time as may be prescribed by law."

Clause 2, section 1571, Mills' Annotated Statutes, is as follows: "He shall have resided in this state six months immediately preceding the election at which he offers to vote; in the county, ninety days, and in the ward or precinct, ten days."

The defendant had lived for more than six months in the state, more than ninety days in the county of Jefferson, and more than ten days in said election precinct number nine. The people contend that the defendant was not a resident of the state within the meaning of the constitution, and cite *Jain v. Bossen,* 27 Colo., 423; *Kellogg v. Hickman,* 12 Colo., 256; *Sharp v. McIntyre,* 23 Colo., 99, in support of this contention. These cases hold that one is not entitled to vote in this state unless he has made an actual settlement within the state and adopted it as a fixed and permanent habitation; that one cannot acquire the right to vote in the state by a sojourn here on business or pleasure, however long, without abandoning his former domicile; that there must not only be a personal presence here for the requisite time, but a concurrence therewith of an intention to make the place of inhabitancy the true home.

The defendant insists that he was, on the day mentioned, a resident of Colorado, as defined by these decisions, and was in all respects a qualified elector of election precinct number nine of Jefferson county.

In this contention he is wrong. Section 4, article 7, of the constitution is as follows: "For the purpose of voting and eligibility to office, no person shall be deemed to have gained a residence by reason of his presence, or lost it by reason of his absence, while in the civil or military service of the state or of the United States, nor while a student at any institution of learning."

The defendant came to Colorado for the sole purpose of attending the State School of Mines at Golden. He was without intention so far as the adoption of any place as a fixed and permanent habitation is concerned, but it was his intention to not stay or reside in the county of Jefferson after his graduation at the School of Mines. His intention as declared in the agreed statement of facts is decisive of the case. Under the constitution he did not gain a residence in the state for the purpose of voting by reason of his presence within the state while a student at the State School of Mines.; and, not having acquired a residence independently of that gained while a student, it follows that he was not a legal voter when he offered his vote in November, 1900.

The judgment is affirmed.

*Affirmed.*