STATE EX REL. WEINSHEIM and others, Appellant, vs. LEISCHER and others, Respondents.

*March 24—April 17, 1903.*

Quo warranto: *Village officers: Action by private person: Parties:*
ᵃ De facto *village.*

1. Under sec. 3466, Stats. 1898, an action of *quo warranto* to oust the defendants from certain village offices may be brought in the name of the state by a property owner and taxpayer in the village, on his own complaint.
2. In an action of *quo warranto* to oust defendants from village offices on the ground that the village has no legal existence the village itself is a necessary party defendant.

APPEAL from an order and judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Order affirmed in part and reversed in part; judgment reversed.*

This is an action in the nature of *quo warranto* brought for the purpose of ousting the defendants from certain village offices, and to obtain judgment declaring the attempted incorporation of the village of Neosho, Dodge county, to be invalid. The complaint alleges that the relators are residents and taxpayers of certain territory in the town of Rubicon, Dodge county, which was attempted to be incorporated into a village named the village of Neosho, and that the defendants claimed to be the corporate officers of said village, and are usurping and exercising the powers of village officers in

the matter of the collection of taxes, the management of highways, and other proper village matters.   The complaint then states further in detail the proceedings taken to incorporate said village of Neosho under secs. 854–869, Stats. 1898, and charges that, at the election held to determine the question of incorporation under secs. 862–865, the canvassers certified that eighty-nine votes were cast, of which forty-five were in the affirmative, and forty-four in the negative, whereas in fact only forty-two legal ballots were cast in the affirmative at said election, and forty-four in the negative; that, prior to the commencement of this action, application was duly made to the attorney general of the state to commence *quo warranto* proceedings against the defendants, but that he refused so to do.   The complaint demands judgment that the defendants be ousted from their pretended offices, and that said pretended village be declared an unlawful usurpation of village government.

To this complaint the defendants demurred on the following grounds: (1) That the plaintiffs have not legal capacity to sue because the action should be brought in the name of the state on the relation of the attorney general.   (2) That the plaintiffs have not legal capacity to sue because said action should be brought in the name of the state either on the relation of the attorney general or of the town of Rubicon. (3) That there is a defect of parties plaintiff because the attorney general of the state is not joined.   (4) That there is a defect of parties plaintiff because the town of Rubicon is not joined.   (5) That there is a defect of parties defendant because the village of Neosho is not joined.   (6) That the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs.   (7) The defendants further demurred to a certain portion of the complaint because the court has no jurisdiction of the subject-matter thereof, and it does not state facts sufficient to constitute a cause of action.

The circuit court sustained the demurrer as to the 1st, 3d, 5th, and 6th causes alleged, and overruled the demurrer as to the 2d, 4th, and 7th causes, and entered judgment dismissing the complaint. From those parts of the order which sustained the demurrer, and from the judgment of dismissal, the relators appeal.

*M. L. Lueck,* for the relators.

For the respondents there was a brief by *Sawyer & Sawyer* and *Geo. W. Sloan,* and oral argument by *Mr. Sloan* and *Mr. H. W. Sawyer.*

WINSLOW, J. If, as alleged in the complaint, a majority of the legal votes at the election held under sections 862 to 865 of the Statutes were not cast in favor of incorporation, then it is certain that the village never was legally incorporated. This proposition is not questioned by the respondents, but they claim in support of the demurrer that (1) the relators cannot maintain the action in the name of the state, but that it must be brought on an information by the attorney general; and (2) that the village of Neosho is a necessary party defendant. These are the only questions seriously argued upon this appeal, and they will be briefly considered.

1. This is a civil action, brought under sec. 3463, Stats. 1898, to obtain the relief formerly obtainable at common law by the use of the writ of *quo warranto.* Sec. 3466 enumerates the cases in which the action may be brought, and provides that it may be brought by the attorney general in the name of the state upon his own information, or upon complaint of any private party, and, further, that when the attorney general refuses to act, or when the office usurped pertains to a county, town, city, village, or school district, the action may be brought in the name of the state by a private person on his own complaint. In the present case it is alleged that the attorney general has refused to act, and, further, it appears that the offices which are alleged to have been usurped are vil-

lage offices; hence the case seems to be brought directly under the clause which authorizes it to be brought in the name of the state by a private person on his own complaint. True, such private person, when not suing on behalf of the public, must have some interest in the question, more than that which is common to all members of the community; but that interest certainly appears when it is shown that he is a property owner and taxpayer in the village, and hence is necessarily pecuniarily affected by the acts of the pretended village officers in levying taxes or expending moneys. We can entertain no doubt but that the action is properly brought by the private relators named in the complaint, under the express terms of the statute. It is still an action by the state, but the state has, by statute, permitted it to be prosecuted by private parties.

2. The question whether the village whose corporate existence is attacked is a necessary party defendant is more difficult of solution. Where an individual usurps an office in a legal corporation, the action must, of course, be against the individual so usurping; and, where a legal corporation usurps franchises which it does not possess, the action must be against the corporation itself. These rules seem plain and unquestionable. But when it is alleged that a body claiming to be a corporation is not in fact such, and the object of the action is to procure a judgment declaring it to have no legal existence, the result is not so plain, and the authorities are in conflict. One line of authorities holds that in such a case it is sufficient to make the corporate officers parties, because, if the corporation is made a party, its existence as a corporation is thereby recognized. *People ex rel. Weber v. Spring Valley,* 129 Ill. 169, 21 N. E. 843; *State ex rel. Summers v. Uridil,* 37 Neb. 371, 55 N. W. 1072; 17 Ency. of Pl. & Pr. 437, and cases cited in note 4. This technical objection, however, is rejected by many courts, and upon persuasive grounds. The reasoning of these last-named courts is, in ef-

fect, that, as the body whose corporate existence is attacked
has a *de facto* existence, it should have its day in court before
any court should pronounce a judgment ending its existence,
and that a complaint which affirmatively shows that the cor-
poration is not authorized by law cannot be construed as ad-
mitting its corporate character. *People v. Montecito W. Co.*
97 Cal. 276, 32 Pac. 236; *State ex rel. Wetzel v. Tracy,* 48
Minn. 497, 51 N. W. 613; *State v. Atlantic Highlands,* 50
N. J. Law, 457, 14 Atl. 560; *State ex rel. Crow v. Flem-
ming,* 158 Mo. 558, 59 S. W. 118. In High on Extraordi-
nary Legal Remedies, at sec. 696, it is said that, when the
real purpose of the action is to test the right of a city to ex-
ercise municipal franchises, the corporation itself is a neces-
sary party defendant. The rule is stated by Spelling thus:

"When the purpose is to suppress a usurpation of corpo-
rate franchises by individuals, the information should name
and proceed against the defendants as individuals, *except in
case of a pretended municipal corporation.*" 2 Spelling, Ex-
traordinary Remedies, § 1843.

There has been no adjudication in this state upon the sub-
ject, and we are at liberty to adopt the rule which seems bet-
ter fitted to promote justice. There seem to be quite per-
suasive reasons why a municipal corporation *de facto,* which
is performing the various functions of city government,
should not be dissolved in a proceeding brought simply
against its acting officers. The entire population of the sup-
posed municipal body is deeply interested in the outcome, and
there should be no opportunity for collusive action by unfaith-
ful officers, or for a sacrifice of public rights without a full
hearing. This can best be obtained by making the corpora-
tion which is attacked a formal party to the litigation.

Upon this ground alone, therefore, the demurrer was prop-
erly sustained. Upon all other grounds it should have been
overruled. The court, however, sustained the demurrer on
the additional ground that the plaintiffs had not legal ca-

pacity to sue, and hence he at once dismissed the complaint, because the plaintiffs could not cure this defect by amendment. This was erroneous. The demurrer should have been sustained on the ground of defect of parties defendant alone, and the order should have granted leave to the plaintiffs to amend and bring in the village as a party.

*By the Court.*—So much of the order appealed from as sustains the demurrer on the ground of defect of parties defendant is affirmed; and the remaining parts of the order which are appealed from and the judgment of dismissal are reversed; and the action is remanded with directions to enter an order granting leave to the relators to plead over, as they may be advised, and bring in the village as a party defendant, upon the usual terms. No costs will be taxed against either party in this court, except that the costs of the clerk of this court will be taxed against the respondents.