[No. 4932.    Decided February 27, 1904.]

THE STATE OF WASHINGTON, *on the Relation of the Prosecuting Attorney of King County, Appellant,* v. CITY OF SOUTH PARK, *Respondent.*[1]

QUO WARRANTO—AGAINST MUNICIPAL CORPORATIONS BY NAME—
TESTING VALIDITY OF INCORPORATION—SUFFICIENCY OF COMPLAINT—
PARTIES. Quo warranto does not lie against a municipal corporation to test the validity of the corporation election, since if it has no legal existence it cannot be sued, and the suit must be against the persons assuming to act in a corporate capacity.

Appeal from a judgment of the superior court for King county, Albertson, J., entered July 14, 1903, upon motion of the defendant after the opening statement of plaintiff's

[1]Reported in 75 Pac. 636.

counsel, dismissing an action to test the legality' of the incorporation of the defendant.   Affirmed.

*P. C. Ellsworth* and *J. E. McGrew,* for appellant, to the point that the action was properly brought against the corporation by name, cited:   *State v. Atlantic Highlands,* 50 N. J. L. 457, 14 Atl. 560; *State v. Tracy,* 48 Minn, 497, 51 N. W. 613; *State v. Village of Bradford,* 32 Vt. 50; *People v. Riverside,* 66 Cal. 288, 5 Pac. 350; *Scrafford v. Gladwin County,* 41 Mich. 647, 2 N. W. 904.

*Granger & Heifner,* for respondent.

HADLEY, J.—This is a proceeding in the nature of quo warranto, the purpose of which, as stated in appellant's brief, is to "test the incorporation of respondent, and to determine whether it is properly incorporated as a city of the fourth class under the laws of Washington." The information charges irregularities as to notice and amendment of petition for incorporation; also that illegal votes were cast at the incorporation election, and that votes were illegally counted for incorporation. The answer denies these charges. At the trial the issues were narrowed by the statement of relator's counsel that they desired to present but two questions of fact: first, that ten ballots were wrongfully counted by the election board in favor of incorporation; and, second, that three illegal votes were cast by persons not residents of the territory sought to be incorporated. Counsel stated to the court that, when relator had established the above facts, he would ask that the incorporation be declared void. Thereupon the city moved for judgment in its favor, and for the dismissal of the action. The motion was granted, and judgment entered accordingly. This appeal is from that judgment.

This suit was brought against the corporation in its corporate name. No individual is made a party as assuming

to illegally discharge municipal functions.   Section 5780, Bal. Code, enumerates the grounds for which an informa- tion in the nature of quo warranto may be filed.   It may be filed against "any person or corporation," but all the sub- divisions of the section relate to the usurpation of official or corporate functions by individuals, except the fifth, which relates to acts on the part of corporations by which they forfeit their privileges, or to the exercise of powers not con- ferred by law.   In the latter case the information may be directed against the corporation, but it must recognize that the corporation has theretofore had a legal existence.

An information cannot be directed against a corporation which it charges does not exist.   In such case there is no entity in existence upon which service can be made, or which can plead to the information.   It is illogical to sue an alleged artificial person for the purpose of obtaining an adjudication that there is no such person.   Either there is or is not a corporation.   If there is not a corporation, it cannot be sued.   The suit, then, must be against the per- sons who assume to act in a corporate capacity.   By bring- ing suit against the corporation appellant admits its ex- istence.   The information therefore does not state facts sufficient to constitute a cause of action, since it simply seeks an adjudication that there is not now and never was such a corporation.

In *Ferguson v. Snohomish,* 8 Wash. 668, 36 Pac. 969, 24 L. R. A. 795, the appellant sought to remove an alleged cloud for illegal taxes on the ground that the city of Sno- homish, which imposed the taxes, never had a legal exist- ence.   The attack against the corporate existence was in that case a collateral one, and this court, in holding that such a collateral attack could not be sustained, also gave a further reason for its decision as follows:

"But we are of the opinion that the appellant is not in a situation to question the validity of the incorporation of the city of Snohomish, for the reason that he has brought his action against it as a municipal corporation and alleged it to be such in his complaint,   .   .   ."

"But the weight of authority may now be regarded as sustaining the proposition that the effect of filing an information against a corporation by its corporate name to procure a forfeiture of its charter, or to compel it to disclose by what authority it exercises its corporate franchise, is to admit the existence of the corporation.   When, therefore, the information is filed against the respondent in its corporate name and process is issued and served accordingly and the respondent appears and pleads in the same corporate character, its corporate existence cannot afterward be controverted." High's Ex. Leg. Rem. (3d ed.), § 661. The following cases cited in Mr. High's valuable work as supporting the above we have examined and find to be in point: *People ex rel. Weber v. City of Spring Valley,* 129 Ill. 169, 21 N. E. 843; *State ex rel. v. Cincinnati Gas etc. Co.,* 18 Ohio St. 262; *State v. Commercial Bank etc.,* 33 Miss. 474; *Rolling Stock Co. v. People,* 147 Ill. 234, 35 N. E. 608, 24 L. R. A. 462; *People v. Stanford,* 77 Cal. 360, 18 Pac. 85, 19 Pac. 693, 2 L. R. A. 92. As being also directly in point see the following cases: *State v. Independent School District,* 44 Iowa 227; *Mud Creek Draining Co. v. State ex rel.,* 43 Ind. 236; *People v. Rensselaer etc. R. Co.,* 15 Wend. 113, 30 Am. Dec. 33; *State ex rel. Summers v. Uridil,* 37 Neb. 371, 55 N. W. 1072.

In *People v. City of Spring Valley, supra,* mention is made of the fact that some authorities seem to draw a distinction between private and municipal corporations, holding that an information may be brought against a municipal corporation by its corporate name, even where its corporate existence is challenged, the proceeding in such case being held to be against the city as a corporation *de facto*

and not as a corporation *de jure*. It was held, however, that no exception to the general rule exists in the case of municipal corporations. We are also unable to see any good reason in principle why such exception should exist unless a statute shall so declare.

For the foregoing reasons, the court did not err in granting the motion for judgment of dismissal. The judgment is affirmed.

FULLERTON, C. J., and ANDERS, MOUNT, and DUNBAR, JJ., concur.