[No. 4752.]

THE PEOPLE EX REL. SAUNIER v. STRATTON ET AL.

1. **Quo Warranto—Burden of Proof.**

    In an action of quo warranto against persons claiming to be officers of a town, the burden is on the defendants to allege and prove all the facts necessary to establish their title to the offices in question.

2. **Towns—Incorporation—Petition—Residents.**

    In the incorporation of a town, persons who temporarily move into the territory proposed to be incorporated, for the sole purpose of participating in the election, are not bona fide residents, and are not entitled to sign the petition for incorporation. There must not only be a personal presence for the requisite time, but also a concurrence therewith of an intention to make the place a permanent home.

3. **Towns—Incorporation—Petition—Landowners.**

    Persons who accept deeds to lots from those who are interested in the incorporation of a town, as a reward for signing the petition for incorporation, are not bona fide landowners within the meaning of the statute, and are not entitled to sign the petition.

4.   Towns—Incorporation—Petition—Jurisdiction.

A petition for the incorporation of a town, signed by the requisite number of names, a part of whom were not bona fide electors and landowners so that the number of bona fide electors and landowners signing the petition was less than the. number required by statute, would not give the county court jurisdiction, and the incorporation of a town based upon such petition, is void.

5.   Towns—Quo Warranto—Parties.

In an action of quo warranto against persons claiming to be officers of a 'town, on the ground that the proceedings incorporating the town were null and void,.the town is not a necessary party.

*Error to the District Court of Logan County: Hon. E. E. Armour, Judge.*

Mr. WM. A. POUND, district attorney, Mr. S. A. BURKE, Mr. S. E. NAUGLE and Mr. QUITMAN BROWN, for plaintiff in error.

Messrs. McCONLEY & BURKE, for defendants in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

Information in the nature of a *quo warranto* was filed by the district attorney of the thirteenth judicial district against certain persons claiming to be officers of the town of Atwood, in the county of Logan, praying for judgment of ouster and that certain incorporation proceedings be declared null and void. The alleged municipality of which the defendants claim to be officers was not made a party. Judgment was rendered dismissing the action, and the case is brought here for review by the people. A petition signed by more than thirty persons was presented to the county court of Logan county. The petition, as to form, is in compliance with section 4364, 3 Mills' Annotated Statutes. Commissioners were

30

duly appointed and an election held. A majority of the votes cast were in favor of incorporation of the town of Atwood. An election was thereafter held and the defendants in error received a majority of the votes cast. The burden was upon the defendants, and they were required to allege and prove all facts necessary to establish their title to the offices in question.— *People v. Owers,* 29 Colo. 535.

It was charged in the information that the petition filed in the county court was not signed by thirty electors who were landowners and residents within the territory sought to be incorporated; that, although the petition was signed by thirty-five persons, certain of those whose names were signed did not reside within the territory; that others whose names appeared thereon were induced to sign the petition by promises of money and other things of value, and that others were given land within the territory as a reward for signing the petition. The information sets out the names of those who, it is alleged, were not residents, those who were induced to sign by promises, and those who received land. To meet the allegations of the information the defendants produced two witnesses. One testified that thirty-three of the persons were, at the time of the signing of the petition, qualified electors within the territory and landowners therein, the other corroborated the first witness as to a few of the signers of the petition. There was no attempt made to contradict the testimony of the numerous witnesses for the plaintiff that many of the signers of the petition moved to the territory sought to be incorporated for the sole purpose of qualifying themselves as signers of the petition, and that such residence was temporary only; that many others of the petitioners were induced to sign the petition by promises of reward, and that others signed the petition in consideration

of money paid, provisions furnished and land deeded. The records of the county of Logan show that a few days prior to the filing of the petition, about twenty of the petitioners were grantees of lots by quitclaim deeds, the deeds bearing the same date and being nearly all recorded on the same day; and, if the abstract is an accurate copy from the records, the deeds were recorded substantially in the order in which the names appear upon the petition. Some of the petitioners who moved into the territory of the proposed town about the time the petition was being circulated, removed therefrom after the election.

Authorities are cited, holding that, "Donations made in aid of public enterprises, such as the removal of county seats, the location of public institutions and institutions of learning, and the like, are not bribery nor official corruption." And it was probably upon the authority of such cases that the court based its judgment dismissing the action. In so doing, we think, the court has erroneously applied the law to the facts. It was intended by the legislature to permit thirty *bona fide* qualified electors and landowners to initiate proceedings for incorporation. The petitioners who moved into the limits of the proposed town for temporary purposes only, and solely for the purpose of participating in the election, were not *bona fide* residents, and were not entitled to sign the petition. One cannot acquire the right to vote in this state by a sojourn here for business or pleasure, however long, without abandoning his former domicile. There must not only be a personal presence here for the requisite time, but a concurrence therewith of an intention to make the place of inhabitancy the true home.—*Parsons v. People*, 30 Colo. 388.

Those of the petitioners who accepted deeds of lots from those interested in the incorporation as a reward for signing the petition, were not *bona fide*

landowners within the meaning of the statute, and were not entitled to sign the petition. More than one-half of the petitioners were not *bona fide* electors and landowners within the limits of the proposed incorporation, and it follows that there was not a petition signed by the requisite number presented to the county court, and that the court had no jurisdiction.

It is contended that as the town is not a party to the proceedings, no judgment binding upon it can be rendered; that the information being against the officers of the town, the regularity of the incorporation cannot be attacked in a suit in which the town is not a party. The great weight of authority supports the position taken by the plaintiff in error in his contention that the town is not a necessary party. It is held that the only way in which the regularity of the incorporation can be tested is by a proceeding against the individuals who claim to hold offices in the town government, because, it is held, that when suit is brought against the town, the town is recognized as a municipality, and that one cannot, in a suit in which he recognizes the existence of a town, ask to have the proceedings by which the town was incorporated declared void. The rule is, that "If the information be for usurping a franchise by a corporation, it should be *against the incorporation,* but if for usurping the franchise to be a corporation, it should be *against the particular persons* guilty of usurpation." The action in this case being for the usurpation of a franchise to be a corporation, the *de facto* town was not a necessary party defendant, and the court can, and should, proceed to render judgment of ouster against the individuals who are assuming to exercise corporate powers of the town of Atwood.

We find authority for this in 2 Dillon on Mun. Corp., § 894 (4th ed.); 17 Am. and Eng. Enc. Pl. and

Pr., 437; *State v. Fleming*, 158 Mo. 558; *State v. Gas Co.*, 18 Ohio St. 262; *People v. City of Spring Valley*, 129 Ill. 169; *People v. Brueannemer*, 168 Ill. 482; *State v. Uridil*, 37 Neb. 371; *State v. Parker*, 25 Minn. 215; *People v. Carpenter*, 24 N. Y. 86.

The judgment is reversed, and the district court is directed to enter a judgment of ouster.

The CHIEF JUSTICE and Mr. JUSTICE CAMPBELL concur.