CARL E. TALLMADGE, J. J. Murphy, and J. W. Stribbling v. SAM
WALKER, P. F. Schmidt, Jesse Edens, Guy Griswold, and
Margaret Kennedy, as Superintendent of Schools of Hettinger
County, North Dakota, and J. R. Batty, as Treasurer of the
County of Hettinger, State of North Dakota.

(159 N. W. 71.)

**Quo warranto — action in — school district — organization — legality of —
directors — special interest — prosecution of action.**

1. In an action in the nature of quo warranto to test the legality of the
organization of a school district out of a portion of the territory of an old dis-
trict, the directors of the latter district have such a special interest as to
enable them to prosecute the action in their own name.

**School district — quo warranto — to test legality — organization — new dis-
trict — party — not necessary.**

2. In an action in the nature of quo warranto to test the legality of the or-
ganization of a new school district out of a portion of the territory of an old
district, it is unnecessary to join the new district as a party defendant.

**School districts — old territory — organization out of — complaint — facts —
statement of — insufficient.**

3. In an action in the nature of quo warranto to test the legality of the
organization of a new school district out of a portion of the territory of an
old district, it is held that the complaint fails to state facts sufficient to con-
stitute a cause of action.

**County commissioners — boards of — county superintendent — school dis-
trict — voters — majority — special board — new districts.**

4. Section 1147, Compiled Laws 1913, which provides that "the board of
county commissioners and county superintendent may organize a new school
district from portions of school districts already organized, . . . upon being
petitioned so to do by at least a majority of the school voters residing in the
districts whose boundaries will be affected by the organization of a new district
and by at least three fourths of the residents of the territory to be included on
the new district," construed and *held,* for reasons stated in opinion, that the
legislative intent was to empower such special board to organize new school dis-
tricts from portion of one or more old districts.

**Petition — school districts — new — organization of — county commissioners
— county superintendent — proceedings — irregularity — does not nulli-
fy.**

5. A petition in all respects complying with provisions of § 1147, Compiled

Laws, except that it prayed for the organization of *two* new school districts instead of one, was filed with the board of county commissioners and county superintendent. Pursuant thereto, notice was given, and, upon a hearing, the board organized two new school districts from portions of an old district. *Held,* that while such petition and the proceedings thereunder were irregular, they were not a nullity, and afford plaintiffs no ground for the relief prayed for in the complaint.

Opinion filed August 7, 1916.

Appeal from the District Court, Hettinger County, *W. C. Crawford,* J.

From a judgment in defendants' favor, plaintiffs appeal.

Affirmed.

*W. F. Burnett* and *Thos. H. Pugh,* for appellants.

Unless these proceedings can be inquired into in an action or proceeding in the nature of quo warranto, the plaintiffs are without remedy; and where this remedy is available, it has been held there is no concurrent remedy in equity, unless by statutory provision. Comp. Laws 1913, §§ 1147, 3298; 32 Cyc. 1415, 1424, 23 Am. & Eng. Enc. Law, 2d ed. 637; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 385; Atlee v. Wexford County, 94 Mich. 562, 54 N. W. 380; People ex rel. Saunier v. Stratton, 33 Colo. 464, 81 Pac. 245; Gardner v. State, 77 Kan. 742, 95 Pac. 588; State ex rel. Anderson v. Tillamook, 62 Or. 332, 124 Pac. 637, Ann. Cas. 1914C, 483; State ex rel. Brown v. Sengstacken, 61 Or. 455, 122 Pac. 292, Ann. Cas. 1914B, 230; People ex rel. Kingsland v. Clark, 70 N. Y. 518; People v. Cook, 8 N. Y. 67, 59 Am. Dec. 451; People ex rel. Roeser v. Gartland, 75 Mich. 143, 42 N. W. 687; Topeka v. Dwyer, 70 Kan. 244, 78 Pac. 418, 3 Ann. Cas. 239; Kuhn v. Port Townsend, 12 Wash. 605, 29 L.R.A. 445, 50 Am. St. Rep. 911, 41 Pac. 923; State ex rel. Harmis v. Alexander, 129 Iowa, 538, 105 N. W. 1021.

It is the rule that where the language in a statute is unambiguous, a departure from its natural meaning is not justified by any consideration of its consequences or of public policy. 36 Cyc. 1103, 1115.

The remedy of quo warranto is fully attainable through the medium of a civil action. Comp. Laws 1913, § 7969; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 385; Wishek v. Becker, 10 N. D. 63, 84 N. W. 590.

Boards, like county commissioners, are but the creatures of the statute, and have only such powers as are conferred by statute, and such grants of authority must be followed strictly, and such statutes strictly construed. Gleason v. Spray, 81 Cal. 217, 15 Am. St. Rep. 47, 22 Pac. 551; Bowen v. Minneapolis, 47 Minn. 115, 28 Am. St. Rep. 333, 49 N. W. 683; People ex rel. Reynolds v. Buffalo, 140 N. Y. 300, 37 Am. St. Rep. 563, 35 N. E. 485; Notes to Riggs v. Palmer, 12 Am. St. Rep. 826, and Rafferty v. Central Traction Co. 30 Am. St. Rep. 775; State ex rel. Grady v. Lincoln County, 18 Neb. 283, 25 N. W. 91.

The plaintiffs have legal capacity to sue. Comp. Laws 1913, § 7970; Wishek v. Becker, supra; Jenness v. Clark, 21 N. D. 155, 129 N. W. 357, Ann. Cas. 1913B, 675; Taylor v. Sullivan, 45 Minn. 309, 11 L.R.A. 272, 22 Am. St. Rep. 729, 47 N. W. 802; 15 Cyc. 403, 404; 23 Am. & Eng. Enc. Law, 2d ed. 617; Fordyce v. State, 115 Wis. 608, 92 N. W. 430.

When the right to exercise jurisdiction over territory depends upon the legality of an organization, as a municipal corporation, the individuals assuming jurisdiction are the proper defendants. 23 Am. & Eng. Enc. Law 2d ed, 623.

*Jacobsen & Murray,* for respondents.

An action in quo warranto must be brought by or in the name of the state. It cannot be maintained by or in the name of a person except such person has some special interest in it,—some private interest. Comp. Laws 1913, §§ 7970, 7971; Wishek v. Becker, supra; Jenness v. Clark, 21 N. D. 150, 129 N. W. 357, Ann. Cas. 1913B, 675; Red River Valley Brick Co. v. Grand Forks, 27 N. D. 8, 145 N. W. 725; State ex rel. Butler v. Callahan, 4 N. D. 481, 61 N. W. 1025; 4 Sutherland Code Pl. Pr. & Forms, §§ 7022–7024, 7039; 5 Wait, Pr. 614; State ex rel. Wah-We-Yea-Cumin v. Olson, 107 Minn. 136, 21 L.R.A. (N.S.) 685, 119 N. W. 799; Territory ex rel. Peterson v. Hauxhurst, 3 Dak. 205, 14 N. W. 432; 32 Cyc. 1443, 1444; State ex rel. Hess v. Boehringer, 16 Ariz. 48, 141 Pac. 126; Campbell v. Sargent, 85 Kan. 590, 118 Pac. 71; State ex rel. Murdock v. Ryan, 41 Utah, 327, 125 Pac. 666; Hudson v. Conklin, 77 Kan. 764, 93 Pac. 585; 28 Cyc. 174; State ex rel. Doud v. Council, 106 Iowa, 731, 77 N. W. 474; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 385;

Atchison, T. & S. F. R. Co. v. Wilson, 33 Kan. 223, 6 Pac. 281; School Dist. v. Gibbs, 52 Kan. 564, 35 Pac. 222; State ex rel. Madderson v. Nohle, 16 N. D. 168, 125 Am. St. Rep. 628, 112 N. W. 141.

The new corporation should be made a party to the action, and in making it a party no admission as to its validity is made. State ex rel. Weinsheim v. Leischer, 117 Wis. 475, 94 N. W. 299; State ex rel. Ross v. Somerby, 42 Minn. 55, 43 N. W. 689; People ex rel. Schindler v. Flint, 64 Cal. 49, 28 Pac. 495; Territory ex rel. District Attorney v. Armstrong, 6 Dak. 226, 50 N. W. 832; People ex rel. Saunier v. Stratton, 33 Colo. 464, 81 Pac. 245.

The complaint does not contain a statement of facts sufficient to constitute a cause of action. The decision of the board of county commissioners on a petition for a change of a county seat is final, and not open to judicial investigation. State ex rel. Little v. Langlie, 5 N. D. 594, 32 L. R. A. 723, 67 N. W. 958; State ex rel. Laird v. Gang, 10 N. D. 331, 87 N. W. 5.

"A school district, when organized as provided by law, is a public corporation of a municipal character. The power to change its boundaries, as well as to define them in the first instance, is of legislative origin, and whether exercised immediately by the legislature, or by a board designated, is a legislative act." Hughes v. Ewing, 93 Cal. 414, 28 Pac. 1067; Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499; State ex rel. Connaughton v. Holcomb, 95 Kan. 660, 149 Pac. 684.

Under a proper petition, the findings of fact of the board are conclusive. Mooney v. Tulare County, 2 Cal. App. 65, 83 Pac. 165; People v. Linda Vista Irrig. Dist. 128 Cal. 477, 61 Pac. 86; People ex rel Russell v. Loyalton, 147 Cal. 774, 82 Pac. 622; People ex rel. Skelton v. Los Angeles, 133 Cal. 338, 65 Pac. 750; Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N.W. 499.

"Where adjacent territory has been annexed to a city for school purposes, by its board of education, under laws authorizing the same when a majority of the electors of the territory make application therefor, it will be presumed, in the absence of proof to the contrary, that the board's finding to the effect that the application was made by a majority of the electors within the territory was based on a competent proof." Redfield School Dist. v. Redfield Independent School Dist.

34 N. D.—38.

14 S. D. 229, 85 N. W. 180; School Dist. v. Wolf, 78 Kan. 805, 20 L.R.A.(N.S.) 358, 98 Pac. 237; Comp. Laws 1913 § 1147; People ex rel. Skelton v. Los Angeles, 133 Cal. 338, 65 Pac. 749.

There is no charge of fraud in this case. 23 Cyc. 1221.

FISK, Ch. J. This is an action in the nature of quo warranto to inquire into the validity of certain proceedings whereby an alleged new school district was organized out of a portion of New England School District Number Nine of Hettinger County, and to inquire into the right of certain of the defendants to exercise the rights, duties, or franchises appertaining to the office of directors and treasurer of such pretended new district.

Defendants demurred to the complaint upon the following grounds:

"First. That the court has no jurisdiction of the person of the defendants, or the subject matter of the action.

"Second. That the plaintiffs have not legal capacity to sue.

"Third. That there is a defect of parties plaintiff and defendant.

"Fourth. That the complaint does not state facts sufficient to constitute a cause of action."

Such demurrer was sustained and judgment ordered dismissing the action, and plaintiffs appeal.

The facts alleged in the complaint, and which are necessary to an understanding of the points involved, are briefly as follows: "New England School District No. 9 was formed some years ago and has been operated as a common school district since the formation thereof continuously until July 10, 1914, when notice of an election was given within the district upon the question of consolidation of the schools of the district, which election was held July 27, 1914, at which election the majority of the electors declared in favor of consolidation, and the schools were accordingly consolidated.

School district No. 9 was composed of the village of New England and the townships of New England and Kunze, the corporate limits of the village extending into each township about equally. Plaintiffs are the duly elected, qualified, and acting directors of said school district.

On the 17th day of July, 1914, certain residents of the townships of Kunze and New England filed a petition with the county superintend-

ent of schools, for a division of the old district No. 9 into three school districts, namely: (a) The village of New England, (b) the township of Kunze, excepting as to that part of the village lying within the boundaries of said township, and, (c) the township of New England, excepting as to that part of the village lying within its boundaries. This petition was signed by residents of the two townships, and is as follows:

## Exhibit A.

Petition for organizing new school districts and changing boundaries of old one. To the Board of County Commissioners and to the Superintendent of Schools, Hettinger County, North Dakota:

We, the undersigned, respectfully show that we are residents, citizens, and voters of that certain school district known as the New England School District No. 9, situated in Hettinger county, North Dakota, and comprise the incorporated village of New England and the civil township of New England and the civil township of Kunze; and that said school district is bounded by the congressional township line of townships 135 and 136 in range 97; that said school district is too large; and that it is for the best interest of the patrons, taxpayers, voters, and citizens of said school district, that the boundaries of said school district be changed, and that said school district of New England be cut and divided into three school districts, which three school districts should be bounded as follows:

1st. The old school district of New England be bounded by the boundary lines of the incorporated village of New England, and that the limits of the old school district be the same as the limits of the incorporated village of New England.

2nd. That a new school district be formed out of the territory of the old district comprising the civil township of Kunze, and that such new school district be bounded by the same lines as the boundaries of the congressional township No. 136 in range 97, except that part of such congressional township that is within the corporate limits of the said village of New England.

3rd. That another new district be formed out of the territory of the school district comprising the civil township of New England, and that such new school district be bounded by the said lines as the bound-

aries of the congressional township No. 135 in range 97, except that part of the congressional township that is within the corporate limits of the village of New England.

Wherefore, the undersigned respectfully petition the Honorable Board of County Commissioners of Hettinger County, and the Superintendent of Schools of Hettinger County, that the School District of New England No. 9 be divided and the boundaries arranged as above set forth.

Notice of hearing on such petition was given, the time for the hearing being set for August 25, 1914; on October 5, 1914, the board of county commissioners made an order attempting thereby to divide the district, as aforesaid, into three school districts.

Thereafter an election was held in each of such townships for the purpose of electing school officers, and the defendants Walker, Schmidt, and Edens were elected as directors, and defendant Griswold, as treasurer.

Plaintiffs contend that the board (a) had no authority in law to determine the matters set forth in the petition exhibit "A;" (b) acquired no jurisdiction so to act by and through the petition exhibit "A;" (c) the petition does not set forth the facts required by statute; (d) the petition was signed by persons not then residents of school district No. 9; (e) the petition was not signed by a majority of the school voters of the district; (f) the school voters of the district by voting to consolidate the district and schools thereof, subsequent to the filing of the petition, ousted the board of jurisdiction; (g) an existing common school district cannot be divided into three or more districts under one omnibus petition; (h) no opportunity was given the school voters and taxpayers to appear before the board when this matter was taken up for consideration and determination.

The complaint alleges that the defendants, who claim to have been elected to the school district offices, have usurped and intruded into and are unlawfully holding and unlawfully attempting to exercise the franchises and rights of such offices, and the prayer for relief is that they be ousted therefrom, and that the said school districts be declared to have no existence, and for injunctive relief.

In support of the grounds of the demurrer, respondents assert that

the action cannot be maintained by and in the name of the plaintiffs for the reasons as stated,—that they have no private or special interest in the questions involved. In this they are, we think, clearly in error. Their promise being unsound, an erroneous conclusion naturally follows. While both by statute and decisions in this jurisdiction the action cannot be prosecuted by private persons in their own name unless they have a special interest, but must be brought in the name of the state, such action may by the express provisions of our Code be brought by persons having a special interest in the subject matter. See Comp. Laws, § 7971; Wishek v. Becker, 10 N. D. 63, 84 N. W. 590; Jenness v. Clark, 21 N. D. 150, 129 N. W. 357, Ann. Cas. 1913B, 675.

That plaintiffs, as directors of New England School District No. 9, have a special interest sufficient to enable them to prosecute the action seems beyond question. The fact that the complaint does not expressly allege such special interest is not controlling. Facts are therein alleged from which it appears that they, as such directors, are under a legal duty (if the attempted organization of such new district was illegal) to take charge, direction, and management of the schools of the district, and the care, custody, and control of all the school property therein (Comp. Laws, § 1173); and the fact that defendants, if acting illegally, are attempting to usurp a portion of such duties and prerogatives, is sufficient to confer upon plaintiffs such a special interest as to enable them under the Code to prosecute this action. The numerous authorities cited in respondents' brief on this point, when carefully analyzed, will be found to be not opposed to, but in harmony with, the above conclusion. We deem it unnecessary to refer in detail thereto.

Respondents next contend that the alleged new school district should have been joined as a party defendant. Their contention seems to have support in the following cases: State ex rel. Weinsheim v. Leischer, 117 Wis. 475, 94 N. W. 299; State ex rel. Ross v. Somerby, 42 Minn. 55, 43 N. W. 689; People ex rel. Schindler v. Flint, 64 Cal. 49, 28 Pac. 495.

The great weight of authority, however, and we think the better reason, is opposed to the holdings in the above cases. We content ourselves by citing some of the cases and quoting briefly therefrom. People ex rel. Saunier v. Stratton, 33 Colo. 464, 81 Pac. 245 and the numerous cases cited. Armstrong v. State, 29 Okla. 161, 116 Pac. 770, Ann.

Cas. 1913A, 565; State v. South Park, 34 Wash. 162, 101 Am. St. Rep. 998, 75 Pac. 636; Territory ex rel. District Attorney v. Armstrong, 6 Dak. 226, 50 N. W. 832; 32 Cyc. 1443; 23 Am. & Eng. Enc. Law, 622, 623.

In disposing of such point in People ex rel. Saunier v. Stratton, supra, the Colorado court said: "It is contended that, as the town is not a party to the proceedings, no judgment binding upon it can be rendered; that, the information being against the officers of the town, the regularity of the incorporation cannot be attacked in a suit in which the town is not a party. The great weight of authority supports the position taken by the plaintiff in error in his contention that the town is not a necessary party. It is held that the only way in which the regularity of the incorporation can be tested is by a proceeding against the individuals who claim to hold offices in the town government, because it is held that when suit is brought against the town, the town is recognized as a municipality, and that one cannot, in a suit in which he recognizes the existence of a town, ask to have the proceedings by which the town was incorporated declared void. The rule is that 'if the information be for usurping a franchise by a corporation, it should be against the incorporation, but if for usurping the franchise to be a corporation, it should be against the particular persons guilty of usurpation.' The action in this case being for the usurpation of a franchise to be a corporation, the *de facto* town was not a necessary party defendant, and the court can and should proceed to render judgment of ouster against the individuals who are assuming to exercise corporate powers of the town of Atwood. We find authority for this in 2 Dill. Mun. Corp. 4th ed. § 894; 17 Enc. Pl. & Pr. 437; State ex rel. Crow v. Fleming, 158 Mo. 558, 59 S. W. 118; State ex rel. Atty. Gen. v. Cincinnati Gaslight & Coke Co. 18 Ohio St. 262; People ex rel. Weber v. Spring Valley, 129 Ill. 169, 21 N. E. 843; People ex rel. Lord v. Bruennemer, 168 Ill. 482, 48 N. E. 43; State ex rel. Summers v. Uridil, 37 Neb. 371, 55 N. W. 1072; State ex rel. Lindholm v. Parker, 25 Minn. 215; People v. Carpenter, 24 N. Y. 86."

The Oklahoma court in Armstrong v. State, 29 Okla. 161, 116 Pac. 770, Ann. Cas. 1913A, 565, also said: "The rule which seems to be supported by the great weight of authority is that if the action is for usurping a franchise by a corporation, it should be against the corp-

oration; but if usurping the franchise to be a corporation, it should be against the particular persons guilty of the usurpation by assuming to act in a corporate capacity, and not against the corporation as such."

With the reasoning and conclusions of these courts on this point, we are in full accord.

This brings us to the only remaining question, *viz*: Does the complaint state facts sufficient to constitute a cause of action? The complaint is quite voluminous, and we deem it unnecessary to set it out at length in this opinion. Its substance has already been stated. Plaintiffs' main contention is that under § 1147, Compiled Laws, there is no power in the special board consisting of the county commissioners and county superintendent to organize a new school district except out of territory comprising portions *of two or more districts already organized,* and that such board, therefore, exceeded its powers in attempting to organize a new district or districts out of New England School District, No. 9. The statute, § 1147, supra, reads: "The board of county commissioners and county superintendent may organize a new school district from portions of school districts already organized, . . . upon being petitioned so to do by at least a majority of the school voters residing in the districts whose boundaries will be affected by the organization of a new district and by at least three fourths of the residents of the territory to be included in the new district."

Counsel argue that the powers of such special board are to be measured and limited by the provisions of this statute, and that such law must be construed so as to fairly reflect the legislative intent. No doubt they are correct in this. They are also correct in stating the well-settled rule "that where the language used in a statute is unambiguous, a departure from its natural meaning is not justified by any consideration of its consequences or of public policy." 36 Cyc. 1115. Our attention is called to the fact that § 1147, Compiled Laws, is a part of the school law revision effected by chap. 266, Laws of 1911, and that such section is new and was modeled upon § 793, Rev. Codes 1905, Comp. Laws 1913, § 1146, which latter Section was repealed by chap. 266 of aforesaid; also to the fact that § 43½ of chap. 266, which was repealed by chap. 259 of the Laws of 1913, vested in the board of county commissioners and the county superintendent full authority to re-arrange and establish the boundaries of the several districts of the

county at its meeting on the second Monday in July, and directed the manner of so doing. It is argued from this that the legislative intention enacting § 1147 and repealing the prior sections as aforesaid must have been to restrict the powers of such special board to the organization of new districts only out of territory to be taken from two or more districts already organized.

While such contention is plausible we are agreed that it is unsound, and such construction would lead to unreasonable and absurd results. Appellants' whole contention is based upon a narrow and literal construction of certain language in § 1147, wherein the board is clothed with power "to organize a *new school district from portions of school districts already organized*," etc. We think the legislative intent clearly was to empower such board to organize new districts from portions of an old district or districts. Manifestly the words "a new school district" were not intended to mean that but one district could be organized. This would be absurd, and it is equally absurd to say that such new district or districts should be restricted so as to embrace territory taken only from two or more old districts. The plural number was evidently intended to include the singular and the singular the plural. See Comp. Laws, § 7308.

Appellants seek by their complaint to attack the sufficiency of the petition filed as a basis for the organization of the new district, as well as the regularity of the proceedings relating to the acts of the board. However, these matters are not argued in the brief, but at the most merely mentioned, and we therefore deem it unnecessary to notice them at length. Suffice it to say that we have considered the same and find no substantial merit therein. While it was no doubt irregular to join in one petition a prayer for the organization of two distinct school districts, still such irregularity does not nullify the orders of the board, nor did it deprive such board of jurisdiction. The petition contains all the essentials of two complete petitions, and the procedure of the special board contains all the essentials of two separate proceedings. This may also be said with reference to the notice as well as to all other steps taken in the proceedings. To hold that the organization of the newly created districts is, for such mere irregularities, a nullity, would be sacrificing substance to mere form. We are convinced that the learned trial court properly sustained the demurrer, and the judgment is accordingly affirmed.